THANE LUMBER CO. v. J. L. METZ FURNITURE CO.

(Circuit Court of Appeals, Eighth Circuit. April 19, 1926. Rehearing Denied June 18, 1926.)

No. 7127.

1. **Principal and agent** ⬅120(1)—**In action for breach of contract to sell lumber, exclusion of evidence affecting plaintiff's notice of limitation on agent's authority held erroneous.**

In buyer's action for breach of contract to sell lumber, made by agent of defendant having ostensible authority, exclusion of evidence that such agent's authority was limited and that buyer, before making contract, was told that it would have to be accepted and approved before it became binding, *held* erroneous.

2. **Principal and agent** ⬅148(4).

Principal may limit agent's powers, and persons dealing with agent with knowledge of limitation are bound thereby.

3. **Evidence** ⬅413—**Principal and agent** ⬅103(9)—**Written memoranda of sale agreement cannot prevail over express limitation on selling agent's authority requiring principal's approval, nor is proof of such limitation violative of parol evidence rule.**

Written memoranda of sale cannot prevail over express notice of limitation on selling agent's authority requiring principal's approval, nor is proof of such limitation violative of parol evidence rule.

4. **Appeal and error** ⬅1195(4)—**Holding on prior appeal that memoranda were binding contracts held not law of case on retrial, after change in pleading raising new issues.**

Holding on prior appeal that certain memoranda constituted binding contracts *held* not law of case on retrial, where issues were changed by allegation that agent of one party was without authority to bind it, and that other party had notice of such lack of authority.

5. **Estoppel** ⬅96.

Seller's delay for 10 days in notifying buyer that it would not accept order given agent *held* not so unreasonable as to estop it from setting up that no contract was made.

6. **Contracts** ⬅253—**Rule that refusal to perform must be absolute to be equivalent to assent to dissolution does not apply in case where contract in first instance is not established.**

The rule that refusal to fulfill a contract must be absolute to be equivalent to an assent to its dissolution does not apply, where refusal to perform is grounded on claim that no contract was made.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action by the J. L. Metz Furniture Company against the Thane Lumber Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. W. House, Jr., of Little Rock, Ark., for plaintiff in error.

Hamilton Moses, of Little Rock, Ark. (Allen Hughes, of Memphis, Tenn., on the brief), for defendant in error.

Before STONE, VAN VALKENBURGH, and BOOTH, Circuit Judges.

VAN VALKENBURGH, Circuit Judge. Defendant in error, hereinafter called the furniture company, sued plaintiff in error, hereinafter called the lumber company, for the breach of four alleged contracts for the sale of lumber. This is the second trial of the cause; in the first there was a judgment for the lumber company, which, on error, was reversed and remanded. In the instant case the court directed a verdict for the furniture company in the sum of $10,145 with interest. The four acknowledgments of order sued on as contracts are of the same tenor, differing only as to dates and description of commodity. The clause therein upon which reliance is placed reads as follows:

"All agreements are contingent upon strikes, accidents, delays of carriers, and all other delays, unavoidable or beyond our control. Prices based on present rate of freight. Federal taxes assumed by purchaser. The above is a copy of your order as accepted and entered on our books. If not in accordance with your understanding of the order, kindly advise us by return mail. Stenographic errors subject to correction.

"Yours truly,
"Thane Lumber Company,
"By J. Clayton Johnson."

Johnson was the agent of the company at Memphis, Tenn., by whom the order was taken, and who delivered the so-called acknowledgment of order. For the purposes of this case it is necessary to consider only two of these orders; one of October 31 and that of November 1, 1919.

In the first trial the lumber company by its answer denied that any contract for the lumber was entered into, and alleged that the offers of defendant in error were not accepted. This court reversed the judgment in favor of the lumber company, on the ground that from the record it appeared that Johnson was acting within the apparent scope of his authority in signing and delivering these orders, and that, if his authority was limited, the furniture company had no notice of it.

After the case was remanded to the District Court, the lumber company filed an amendment to its answer setting up specifically want of authority in its agent to bind it by entering into the contract as set forth in the complaint. On the trial, the lumber company introduced testimony in support of this allegation through its officers and former officers. It then, through its agent Johnson, sought to establish notice to the furniture company of this want of authority in the agent at the time the alleged contracts were made.

[1] But two errors are relied on in the brief. The first is the alleged refusal of the court to permit the witness Johnson to answer the following question propounded to him by counsel for the lumber company:

"Question: Mr. Johnson, did you tell Mr. Metz at the time he gave you these orders on October 31st and November 1st, that the orders had to be sent to the home office for approval or rejection?"

The second is the alleged error of the court in refusing to permit the defendant to show by the witness Johnson that, at the time Metz was in the office of Johnson in Memphis on October 31st and November 1st, Metz was told by Johnson that the so-called acceptances of Metz's orders for lumber would be sent to the home office, and, if approved they would become binding, and, if disapproved, they would not. The question embraced in the first specification was originally answered in the affirmative without previous objection; but the two offers were made in close conjunction, and the final attitude of the court is reflected in the following colloquy:

"The Court: The evidence shows that this man had an office in the city of Memphis, as sales manager for the Thane Lumber Company and said he took orders. That for the purpose of carrying on his business he had regular letter heads printed, 'Thane Lumber Company, Memphis, Tennessee,' he as sales manager. It is also shown that for the purpose of making the sales, I mean showing the contracts of sales, these printed blanks which were filled out in a proper manner, and they had a provision in there that what orders are to be accepted. This doesn't show subject to approval. It says the agreements are contingent upon strikes, accidents, delays of carriers, and all other delays unavoidable and beyond their control, but it doesn't say contingent upon approval of the home office.

"Mr. House: That is true if the court please, but—

"The Court: And he was held out, had printed blanks for it; and of course that is

sufficient, whether he had the authority or not is wholly immaterial.

"Mr. House: But here is where he gave the plaintiff positive knowledge. Under these circumstances certainly we have a right to introduce that character of evidence.

"The Court: The objection is sustained."

If the matter had been submitted to the jury for decision in accordance with its judgment, it might be urged that the affirmative answer of Johnson, given without objection at that specific time, and in the absence of a sustained motion to strike, placed this issue before the jury, and that the subsequent action of the court did not so far remove it as to support an assignment of error on that ground; however, the case did not go to the jury in that way. The court directed the verdict, and did so upon the stated ground that the furniture company traded with Johnson as a general agent, having apparent authority to enter into the two contracts, who accepted them on behalf of the lumber company on blanks furnished by it for that purpose; that therefore the lumber company was liable on these contracts.

[2] The court treated the testimony of notice either as excluded or as being inoperative to affect the written terms of the acknowledgments. Plaintiff in error assigns this action of the court, charging the jury to return a verdict for the defendant, incidentally including its refusal to permit the witness Johnson to answer the above questions propounded.

"It is a familiar and acknowledged principle of the law of agency that a principal may limit the powers of his agent, and that all parties who deal with the agent with knowledge of the limitation are bound by its terms." Modern Woodmen of America v. Tevis (C. C. A. Eighth Circuit) 117 F. 369–372, 54 C. C. A. 293, 296.

In such case no reliance can be placed upon apparent general authority. It is true that the acknowledgments of order were made upon written blanks, presumably furnished by the lumber company. They are, in effect, but memoranda of the terms of the proposed sale. Their form indicates that they were designed and customarily used as a mail acknowledgment of orders. They say: "If not in accordance with your understanding of the order, kindly advise us by return mail."

[3] It appears, however, that they were used generally as memoranda, because conveniently arranged to show the details of such transactions; but, in any event, their language could not prevail over an express notice at the time of issue that they were subject to approval or disapproval by the agent's principal. Such notice, if given, has no effect of altering the terms of a written contract, but goes to the power of the agent to make the contract, and raises the fundamental issue of whether any binding contract was actually entered into. For this reason it was necessary for the jury to exercise its independent judgment as to whether the furniture company acted with knowledge of this limitation of authority. It was error to withdraw that issue from the jury and to direct a verdict on the theory that the agent had apparent authority to bind. Metz was the president of defendant in error, and notice to him, if given, would have been notice to his company. [4] It is urged, however, that this court, when the case was here before, held that the contracts of October 31st and November 1st were duly entered into and became binding on both parties, and that this holding thereby became the law of the case. This would be true, provided the issues and testimony on each trial were substantially the same, and not otherwise. When the case came back to the District Court, the answer was amended to set up specifically want of authority in the agent Johnson to bind his principal without acceptance by it. At the trial, the lumber company supported this allegation directly and sought to establish notice to defendant in error by testimony which was rejected, and which should have been received and submitted to the jury; therefore this prior holding by this court, based upon the record then before it, is not conclusive here. [5] Finally it is contended that, in any event, plaintiff in error is estopped because of unreasonable delay in notifying defendant in error of its refusal to accept. The following language of this court in Hoggson Bros. v. First National Bank, 231 F. 869, 146 C. C. A. 65, is quoted in support of this contention:

"The law seems to be settled that a refusal to fulfill a contract must be absolute to be equivalent to an assent to its dissolution, and to authorize the other party to rescind it; such refusal must be in no way qualified, and should substantially amount to an avowed determination of the party not to abide by the contract."

[6] That case, however, involved the doctrine of rescission which presumes the existence of a binding contract; in fact, that a contract had existed between the parties was conceded. The doctrine announced does not apply to a case in which a contract is not estab-

lished, and that is the very issue here presented.

These alleged contracts were dated respectively October 31 and November 1, 1919. On November 10th following, Johnson wrote defendant in error a letter in which he said:

"We are this morning in receipt of a letter from our mill, returning the order, and stating that they do not want to accept this business."

He then suggested that it would be better for defendant in error to place its business with some one else, and should write promptly that it had canceled these orders and that it would be satisfactory that all outstanding orders be canceled except those accepted the previous spring and not yet fully executed. When this case was here before, this court, upon the record before it, as has been said, held that the contracts were binding. It therefore held that this letter of November 10th was but an offer to terminate the contracts and could not be effective until unequivocally accepted. The opinion says: "It does not contain a denial of Johnson's authority, or anything in the nature of a positive or unequivocal repudiation."

Now that the denial of Johnson's authority has been interposed, and, in that view, the letter advised that plaintiff in error did not want to accept the business, that letter must be accorded greater force. It was written only ten days after the date of the orders in question; this was within a reasonable time. Certainly it apprised defendant in error of the desire of plaintiff in error not to accept the offers. At no subsequent time was any notice of acceptance given, nor did the attitude of plaintiff in error justify reliance that the orders would be accepted. If the contention of plaintiff in error, that notice of want of authority was given contemporaneously with the orders, should be sustained, certainly this letter of November 10th should be given weight in relieving plaintiff in error of the charge of unreasonable delay in announcing its decision. It is true that the agent, presumably to soften the unpleasant tone of his communication, suggested that defendant in error should itself announce a cancellation in order that amicable relations might continue; but this, we think, is not a controlling feature of the letter. However, this, with all other circumstances in the case, is a matter for the jury in resolving the ultimate issue of whether binding contracts exist between the parties.

For the reasons stated, the case must be remanded to the court below for a new trial. It is so ordered.