450 F.2d 950
 Arlene S. FISCHER, a Minor by Her Father et al., Appellants
in No. 18961
v.
Uwe M. BUEHL et al.
Alvin H. FRANKEL, Administrator of the Estate of Charlotte
K. Fischer, Deceased, Appellant in No. 18962
v.
Uwe M. BUEHL et al.
 Nos. 18961, 18962.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 28, 1971.
Decided Oct. 28, 1971.
 
 William J. Toy, Philadelphia, Pa., for appellants.
 J. Paul Erwin, Jr., White & Williams, Philadelphia, Pa., for appellees, Springfield Township by Russell J. Keeler and the Board of Commissioners.
 Harold B. Marcus, Detweiler, Sherr & Hughes, Philadelphia, Pa. (Dudley Hughes, Detweiler, Hughes & Marcus, Philadelphia, Pa., on the brief), for appellee, Frankel, etc.
 Before SEITZ, Chief Judge, HASTIE, Circuit Judge, and HERMAN, District Judge.
 OPINION OF THE COURT
 PER CURIAM:
 
 
 1
 The attorney for the plaintiffs in these negligence actions failed to appear at a scheduled pre-trial conference whereupon the district court, on its own motion, dismissed the actions with prejudice.
 
 
 2
 We emphasize at the outset that we appreciate the importance of sustaining the actions of the trial judge in insisting that counsel cooperate in the prompt disposition of litigation. Furthermore, we do not here unduly minimize the dereliction of counsel for the appellants. However, we do not think that his actions were so beyond the pale as to warrant the consequences[1] here visited on the parties he represented. While he did not appear he did attempt to contact the court and did send an attorney at the appointed time although the attorney was not in a position to participate in a pre-trial conference. We have examined the other derelictions of counsel and, while not condoning them, find them insufficient, at least in the first instance, to call for the extreme measures here invoked.
 
 
 3
 We do think that the actions of plaintiffs' counsel dictate that he personally bear the costs and reasonable counsel fees of appellees in connection with the abortive pre-trial conference as well as this appeal. The amounts shall be determined by the district court unless counsel can agree.
 
 
 4
 The judgment of the district court will be reversed and the cases remanded for proceedings in accordance with this opinion.
 
 
 5
 HASTIE, Circuit Judge (dissenting).
 
 
 6
 Had I been the trial judge in these cases, I might well have imposed some sanction less severe than dismissing the actions because of the failure of counsel to comply with lawful requirements of the court. But I am not persuaded that the dismissal of the actions was an inappropriate or intolerably harsh response to the derelictions of counsel, constituting a reversible abuse of discretion. I would affirm the judgment.
 
 
 
 [1]
 The statute of limitations would prevent the reassertion of these claims