**Lester JACKSON, Appellant,**

v.

**The WASHINGTON MONTHLY CO. et al.**

**No. 76–1782.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 25, 1977.

Decided Dec. 13, 1977.

As Amended Feb. 6, 1978.

Lester Jackson, pro se.

John H. C. Barron, Jr., Washington, D. C., for appellee.

Before McGOWAN, TAMM and ROBINSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge SPOTTSWOOD W. ROBINSON, III.

SPOTTSWOOD W. ROBINSON, III, Circuit Judge:

In the District Court in 1972, appellant instituted this litigation charging appellees with wrongful appropriation and publication of portions of an article he had submitted to them in 1970. Settlement negotiations commenced, and although some understandings were achieved, the parties dispute whether they ascended to the level of any sort of enforceable agreement.[1] On January 23, 1975, while efforts in that direction still continued, the court convened a status call and during the course thereof directed appellant's counsel to report within 30 days on progress toward full settlement.[2] No such report was made, and on March 14 counsel for appellees wrote to alert the court to the omission.

Almost three months came and went before the District Court, on June 5, *sua sponte* ordered the action dismissed with prejudice, effective June 25.[3] The order recited that "[appellant] was instructed through his attorney to advise the Court within thirty (30) days concerning the effectuating of settlement agreement reached between the parties," and that "[appellant's] counsel has failed to obey the instructions of this Court."[4] Nearly a year later, on June 1, 1976, appellant's counsel, claiming inadvertence, moved for reinstatement of the suit pursuant to Federal Civil Rule 60(b).[5] The court denied the motion in

---

1. Had the parties reached a binding settlement contract, appellant would have acquired the right to specific enforcement or damages for its breach, regardless of subsequent dismissal of the underlying litigation. *Cf. Autera v. Robinson*, 136 U.S.App.D.C. 216, 220 n.17, 419 F.2d 1197, 1201 n.17 (1969).

2. Appellees state that during the session the court criticized appellant's counsel for earlier procrastinations and failures to obey instructions. We put this observation to one side. *Hassenflu v. Pyke*, 491 F.2d 1094, 1095 (5th Cir. 1974) (per curiam). No transcript of the status-call conference appears in the record on appeal, and the order dismissing appellant's action referred to but a single dereliction—noncompliance with the reporting requirement on settlement progress.

3. *Jackson v. Washington Monthly Co.*, Civ. No. 749–72 (D.D.C.) (order of June 5, 1975), Appendix for Appellant (App.) 18; see Fed.R.Civ.P. 41(b).

4. *Id.*

5. Fed.R.Civ.P. 60(b), providing:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for

the view that "such relief is not warranted by the record *currently before the Court* . . .,"[6] and this appeal was initiated.

At first blush, the question before us might seem to be whether the District Court had authority to impose a dismissal with prejudice,[7] predicated as it was upon but a single violation by counsel of a pre-trial directive. Were that truly the pertinent inquiry, we would be confronted at the outset by the Supreme Court's decision in *Link v. Wabash Railroad Company*.[8] To be

sure, the Court there held that in the exercise of a sound discretion a federal judge contemplating dismissal may visit the sins of the lawyer upon the client who has freely selected him.[9] But *Link*[10] and the cases interpreting it[11] have thus far generally approved dismissal of the client's action due to counsel's conduct only when the attorney has taken a course of protracted neglect. Here the District Court did not explicitly rely upon or even advert to such a history in either of its two orders.[12]

reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in Title 28, U.S.C., § 1655, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action.

**6.** *Jackson v. Washington Monthly Co., supra* note 3 (order of June 22, 1976), App. 25 (emphasis supplied).

**7.** The keynote of our review is the proposition that dismissal is a matter left to the sound discretion of the District Court. *E. g., Slavitt v. Meader*, 107 U.S.App.D.C. 396, 397, 278 F.2d 276, 277 (per curiam), *cert. denied*, 364 U.S. 831, 81 S.Ct. 70, 5 L.Ed.2d 57 (1960); *Ali v. A & G Co.*, 542 F.2d 595, 596 (2d Cir. 1976); *Marshall v. Sielaff*, 492 F.2d 917, 918 (3d Cir. 1974); *Connolly v. Papachristid Shipping, Ltd.*, 504 F.2d 917, 920 (5th Cir. 1974); *Beshear v. Weinzapfel*, 474 F.2d 127, 130 (7th Cir. 1973); *Moore v. St. Louis Music Supply Co.*, 539 F.2d 1191, 1193 (8th Cir. 1976); *Van Bronkhorst v. Safeco Corp.*, 529 F.2d 943, 947–948 (9th Cir. 1976); *Stanley v. Continental Oil Co.*, 536 F.2d 914, 917 (10th Cir. 1976).

**8.** 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962).

**9.** *Id.* at 633–634, 82 S.Ct. at 1390, 8 L.Ed.2d at 739–740.

**10.** *Id.* at 633–634 & n.11, 82 S.Ct. at 1390–1391 & n.11, 8 L.Ed.2d at 740 & n.11. The *Link* Court expressly reserved decision on the question whether dismissal is justified solely on the basis of one "unexplained absence from a pre-

trial conference." *Id.* at 634, 82 S.Ct. at 1391, 8 L.Ed.2d at 740.

**11.** *E. g., Cherry v. Brown-Frazier-Whitney*, 179 U.S.App.D.C. 10, 14, 548 F.2d 965, 969 (1976); *Slavitt v. Meader, supra* note 7, 107 U.S.App.D.C. at 398, 278 F.2d at 278; *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971); *Ali v. A & G Co., supra* note 7, 542 F.2d at 596–597; *Fischer v. Buehl*, 450 F.2d 950, 951 (3d Cir. 1971) (per curiam); *Bush v. United States Postal Serv.*, 496 F.2d 42, 44 (4th Cir. 1974); *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974); *Boazman v. Economics Lab., Inc.*, 537 F.2d 210, 212 (5th Cir. 1976); *Hyler v. Reynolds Metal Co.*, 434 F.2d 1064, 1065 (5th Cir. 1970) (per curiam), *cert. denied*, 403 U.S. 912, 91 S.Ct. 2219, 29 L.Ed.2d 689 (1971); *Beshear v. Weinzapfel, supra* note 7, 474 F.2d at 131–132; *Navarro v. Chief of Police*, 523 F.2d 214, 217 (8th Cir. 1975) (per curiam); *Stanley v. Continental Oil Co., supra* note 7, 536 F.2d at 917; *Meeker v. Rizley*, 324 F.2d 269, 271 (10th Cir. 1963); see *Pulliam v. Pulliam*, 156 U.S.App.D.C. 25, 26, 478 F.2d 935, 936 (1973) (Rule 60(b) relief should be liberally allowed to mitigate the impact of counsel's neglect). See generally, Note *Federal Pre-Trial Practice: Study of Modification and Sanctions*, 51 Geo.L.J. 309, 340 (1963); Annot, 20 A.L.R. Fed. 488 (1974). The result we reach here eliminates the need to determine whether a dismissal prompted by an isolated episode of neglect is so contrary to what the vast majority of courts expectably would do in such instances that to avoid problems of fairness—and perhaps of due process—it should be excised from the area traditionally left to trial-court discretion. See *Noonan v. Cunard S.S. Co.*, 375 F.2d 69, 71 (2d Cir. 1967), quoting B. Cardozo, The Nature of the Judicial Process 33 (1921) ("[i]t will not do to decide the same question one way between one set of litigants and the opposite way between another").

**12.** See text *supra* at notes 4–6. The District Court did postpone the effective date of its dismissal order for 20 days, presumably to give appellant's counsel an opportunity to avoid dis-

■ We need not, however, consider whether the court exceeded the bounds of legitimate discretion in treating the situation as one appropriate for dismissal, for it has become clear that the court did not have before it two items of highly relevant information.[13] From the showing now made by appellant,[14] it appears that his lawyer might not only have been grossly rather than just mildly negligent toward his client,[15] but that he might also have misled the client by reassuring him that the litigation was continuing smoothly when in fact it was suffering severely from lack of attention. These reassurances may even have continued long after the litigation, to the lawyer's knowledge, had already been aborted.[16] And it seems that appellant may not have known the extent of such dilatory and deceptive conduct until after the case arrived in this court.

■ We in this circuit have held that so serious a dereliction by an attorney, when unaccompanied by a similar default by the client,[17] may furnish a basis for relief under Rule 60(b)(6).[18] That is the more so where, as apparently here, little if any prejudice has befallen the other party to the litigation.[19] Because the District Court could not

missal by timely coming forward with an explanation for his disobedience of the direction to report. We need not decide whether the failure to accept this invitation supplies any additional history of dilatoriness prerequisite to dismissal. Appellant's counsel did send to the court a letter requesting that the dismissal be vacated, but, when told that the proper procedure was a motion to vacate, he failed to file the necessary papers. Only much later, when confronted by his perplexed client, did the attorney finally, and with less than complete candor, seek reinstatement. See note 16 *infra*.

13. We recall that the District Court denied Rule 60(b) relief as unwarranted "by the record currently before" it. See text *supra* at note 6.

14. Appellant appears *pro se* on this appeal.

15. See note 12 *supra*.

16. Appellant alleges that he repeatedly asked his attorney whether the case was in good order and invariably was told that it was. He also asserts that, although the case was dismissed in June, 1975, he did not learn about it until told by his counsel in early June, 1976. (He says that the lawyer registered surprise, stated he himself did not learn of the dismissal until receiving a letter from appellee's counsel in May, and further stated that he had filed a motion to vacate, which he had.) See text *supra* at note 5. The motion was accompanied by the latter's affidavit averring that "[s]ince it appeared obvious that the parties were conducting themselves in order to carry out the settlement involved, there appeared to be no need to burden the Court with a Rule 60(b) application to vacate the Order involved." App. 22.

17. Appellees argue that appellant was dilatory in not submitting for 17 months a draft of an article which as part of the alleged settlement they had agreed to publish if it was of high quality. Appellant counters, with apparent support in the parties' correspondence, that appellees knew the reason for the holdup and approved of it, and that they contributed to the slowdown by failing to review the article expeditiously and to inform appellant specifically of editorial changes to be made. The District Court will be free to delve into this on the remand that we will order, but nothing we now know indicates that appellant was less than diligent in honoring agreed aspects of the settlement. Compare *Cherry v. Brown-Frazier-Whitney, supra* note 11, 179 U.S.App.D.C. at 14, 548 F.2d at 969.

18. *L.P. Steuart, Inc. v. Matthews,* 117 U.S.App. D.C. 279, 280–281, 329 F.2d 234, 235–236, *cert. denied,* 379 U.S. 824, 85 S.Ct. 50, 13 L.Ed.2d 35 (1964) (reinstatement after two years). The gross-neglect rule of *L.P. Steuart* has been criticized as discordant with *Link.* 7 J. Moore, Federal Practice ¶ 60.27[2], at 369–370 n.47 (2d ed. 1975); see *United States v. Cirami,* 535 F.2d 736, 740–741 (2d Cir. 1976). But even if that were so, an attorney's deception of a blameless client would survive as a basis for relief under Rule 60(b)(6). See 7 J. Moore, *supra,* ¶ 60.-27[2], at 368 n.44. When a client does not knowingly and freely acquiesce in his attorney's neglectful conduct, but instead is misled into believing that the attorney is industrious, dismissal is not only a harsh step but one for which the circumstances provide little support for an agency theory as a rationale. *Cf. Thane Lumber Co. v. J. L. Metz Furniture Co.,* 12 F.2d 701, 703 (8th Cir. 1926); *Chamberlain v. Amalgamated Sugar Co.,* 42 Idaho 604, 247 P. 12, 14 (1926).

19. Appellees state that they were prejudiced, but their contention in this connection must first be investigated in the District Court, which did not enter into that area when it ordered dismissal. And if appellant is correct in his claims that appellees contributed to the delay in effectuating the purported settlement,

have been aware of these all-important circumstances when it acted, we think it proper to vacate the dismissal order and remand the case to afford appellant an opportunity to make his presentation for relief under Rule 60(b)(6).[20]

▓▓ We are constrained to conclude this appeal on a note of caution. Trial-court dismissal of a lawsuit never heard on its merits is a drastic step, normally to be taken only after unfruitful resort to lesser sanctions.[21] And while appellate review is limited by the binding authority of *Link* to whether judicial discretion has been abused,[22] a sound discretion hardly compre-

hends a pointless exaction of retribution. Dismissals for misconduct attributable to lawyers and in no wise to their clients invariably penalize the innocent and may let the guilty off scot-free. That curious treatment strikes us as both anomalous and self-defeating.[23] When the client has not personally misbehaved and his opponent in the litigation ·has not been harmed, the interests of justice are better served by an exercise of discretion in favor of appropriate action against the lawyer as the medium for vindication of the judicial process and protection of the citizenry from future imposition.[24] Public confidence in the legal

and that for almost a year they allowed him to believe that his suit was in good standing although they knew that it was not, he could not fairly be charged with any prejudice that appellees might have suffered. *Cf. Finley v. Parvin/Dohrmann Co.*, 520 F.2d 386, 392 (2d Cir. 1975).

**20.** See 28 U.S.C. § 2106 (1970). Compare *Klapprott v. United States*, 335 U.S. 601, 614–615, 69 S.Ct. 384, 390–391, 93 L.Ed. 266, 277–278 (1949); *Erick Rios Bridoux v. Eastern Air Lines, Inc.*, 93 U.S.App.D.C. 369, 372, 214 F.2d 207, 210 (1954).

**21.** *Asociacion de Empleados del Instituto de Cultura Puertorriquena v. Rodriguez Morales*, 538 F.2d 915, 917 (1st Cir. 1976); *Bush v. United States Postal Serv.*, supra note 11, 496 F.2d at 45; *Industrial Bldg.· Materials, Inc. v. Interchemical Corp.*, 437 F.2d 1336, 1339 (9th Cir. 1970); *Himalayan Ind. v. Gibson Mfg. Co.*, 434 F.2d 403, 405 (9th Cir. 1970); *Garces v. Bradley*, 299 A.2d 142, 144 (D.C.App.1972); see Comment, *Involuntary Dismissal for Disobedience or Delay: The Plaintiff's Plight*, 34 U.Chi. L.Rev. 922, 929 (1967); Comment, *Dismissal for Failure to Attend a Pretrial Conference and the Use of Sanctions at Preparatory Stages of Litigation*, 72 Yale L.J. 819, 823–824 (1963). The Fifth Circuit's sensible rule is that dismissal is proper only where there is a clear record of delay and lesser sanctions are insufficient. *Boazman v. Economics Lab., Inc.*, supra note 11, 537 F.2d at 212 (lesser sanctions adequate in "all but the most flagrant circumstances"); *Coon v. Charles W. Bliven & Co.*, 534 F.2d 44, 49 (5th Cir.), *cert. denied*, 429 U.S. 980, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976); *Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 488 F.2d 75, 76 (5th Cir. 1973) (per curiam); *Flaksa v. Little River Marine Constr. Co.*, 389 F.2d 885, 887–889 (5th Cir.) *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968).

**22.** See notes 7 & 9 *supra*.

**23.** *Hassenflu v. Pyke, supra* note 2, 491 F.2d at 1095 (dismissal is too severe where no indication client knew of or participated in counsel's dereliction); *Edsall v. Penn Central Transp. Co.*, 479 F.2d 33, 35 (6th Cir.) (per curiam), *cert. denied*, 414 U.S. 1040, 94 S.Ct. 541, 38 L.Ed.2d 331 (1973) (same); *Moore v. St. Louis Music Supply Co.*, supra note 7, 539 F.2d at 1194 (same); see *Cherry v. Brown-Frazier-Whitney, supra* note 11, 179 U.S.App.D.C. at 10–11, 548 F.2d at 965–966 (dismissal with prejudice is "a drastic sanction" warranting "meticulous" review on appeal); *Richman v. General Motors Corp., supra* note 11, 437 F.2d at 199 & n.4 (less severe sanctions preferred).

**24.** See our discussion in *Bibeau v. Northeast Airlines, Inc.*, 139 U.S.App.D.C. 28, 29 & n.4, 429 F.2d 212, 213 & n.4 (per curiam 1970) (reversing refusal to reinstate as abuse of discretion). See also *Moore v. St. Louis Music Supply Co.*, supra note 7, 539 F.2d at 1193 (other available sanctions "do not impact so decisively upon the innocent litigant"); 7 J. Moore, Federal Practice ¶ 60.27[2], at 366 & n.37, 369 (2d ed. 1975) (punishing attorney instead of innocent client is more consistent with spirit of the Federal Rules).

The alternatives include an assessment to the delinquent lawyer of costs and counsel fees generated by the delinquency. *Bardin v. Mondon*, 298 F.2d 235, 238 (2d Cir. 1961) (dismissal conditioned on counsel paying opponent's costs and fees is proper where client not responsible; unconditional dismissal vacated); *Fischer v. Buehl, supra* note 11, 450 F.2d at 951 (counsel should bear costs of aborted pretrial conference and of appeal of dismissal order); see 28 U.S.C. § 1927 (1970). The court's disciplinary authority is available, and its contempt powers may also be. *Dyotherm Corp. v. Turbo Machine Co.*, 392 F.2d 146, 149 (3d Cir. 1968); Comment, *supra* note 21, 72 Yale L.J. at 830 (court may reprimand lawyer, hold in con-

system is not enhanced when one component punishes blameless litigants for the misdoings of another component of the system; to laymen unfamiliar with the fundamentals of agency law, that can only convey the erroneous impression that lawyers protect other lawyers at the expense of everyone else.

*Vacated and remanded.*

tempt, or prohibit from practicing before the court for a limited time). Communication of the lawyer's action to the client or the bar association is another alternative. See *King v. Mordowanec,* 46 F.R.D. 474, 478 n.5 (D.R.I. 1969). See generally Note, *supra* note 11, 51 Geo.L.J. at 332 & n.94 (discussing various sanctions less rugged than dismissal and aimed directly at party responsible for inconvenience).