856 F.2d 1551
 272 U.S.App.D.C. 389
 COMUNI-CENTRE BROADCASTING, INC., Appellant,
v.
FEDERAL COMMUNICATIONS COMMISSION,
Miami 35 Corp., Miami Latino Broadcasting Corporation, First
Latin Women Broadcasting, Inc., Intervenors.
 No. 87-1331.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued March 17, 1988.
Decided Sept. 16, 1988.
As Amended Sept. 21, 1988.
 
 Roy F. Perkins, Jr., Washington, D.C., for appellant.
 David Silberman, Counsel, F.C.C., with whom Diane S. Killory, Gen. Counsel, and Daniel M. Armstrong, Associate Gen. Counsel, F.C.C., Washington, D.C., were on the brief, for appellee.
 Thomas L. Root, Washington, D.C., entered an appearance for intervenor Miami 35 Corp.
 Howard A. Topel and Rachel D. Cramer, Washington, D.C., were on the brief, for intervenor Miami Latino Broadcasting Corp.
 Stephen Diaz Gavin, Washington, D.C., entered an appearance for intervenor First Latin Women Broadcasting, Inc.
 Before ROBINSON and D.H. GINSBURG, Circuit Judges, and KAUFMAN*, Senior District Judge.
 Opinion for the Court filed by Circuit Judge SPOTTSWOOD W. ROBINSON, III.
 SPOTTSWOOD W. ROBINSON, III, Circuit Judge:
 
 
 1
 This appeal arises out of a comparative proceeding before the Federal Communications Commission for a permit to construct a new television station in Miami, Florida. The application of appellant, Comuni-Centre Broadcasting, Inc., was dismissed following its failure to file proposed findings of fact and conclusions of law within the time allotted by the hearing officer. Perceiving no basis for holding the dismissal improper, we affirm.
 
 
 2
 * The proceeding initially involved 21 applicants, including Comuni-Centre. A hearing, conducted in two phases by an administrative law judge (ALJ), was concluded on July 18, 1985, at which time the ALJ directed all applicants to file proposed findings of fact and conclusions of law by September 4 following. On August 28, seven applicants, including Comuni-Centre, with the consent of the remaining parties, jointly moved for enlargement of the filing period to September 18. The motion was granted in part, and the time for filing was extended to September 11.
 
 
 3
 Although all other applicants served their findings and conclusions on September 11, Comuni-Centre failed to do so.[1] On September 17, a competing applicant, Range Communications, moved to dismiss Comuni-Centre from the proceeding for failure to prosecute. On September 23, twelve days after the deadline, Comuni-Centre tendered its proposed findings and conclusions, together with a motion to accept its late filing and an opposition to Range's motion to dismiss.
 
 
 4
 By memorandum opinion and order, the ALJ denied Comuni-Centre's motion and dismissed its application with prejudice.[2] The ALJ concluded that Comuni-Centre had not shown good cause for failing to file on time and had "prejudiced the rights of the other applicants by disrupting preparation of reply findings."[3] Accordingly, Comuni-Centre was held to have forfeited its right to participate further in the proceeding.[4]
 
 
 5
 On appeal, the Review Board affirmed, concluding that the presiding officer had acted properly and within the scope of his authority when he dismissed Comuni-Centre's application.[5] The Board agreed that Comuni-Centre had not shown good cause for its late proffer and, while acknowledging the danger of applying the "blunderbuss of dismissal" for procedural deficiencies,[6] stressed the need for sensitivity to the administrative imperatives of complex multiparty proceedings and to "the wages of a cavalier attitude toward the hearing process."[7] The Board noted that the dismissal was not based on an "inconsequential, trivial, or otherwise excusable single lapse,"[8] but rather was a response to Comuni-Centre's "serious and prejudicial filing dilatoriness, which was several months in the making and typical of a general intractability in th[e] proceeding."[9]
 
 
 6
 Comuni-Centre's application for review by the Commission was denied without opinion.[10] In a footnote to the order, however, the Commission did reverse the Board on one aspect of its decision. The Board had concluded,[11] as had the ALJ,[12] that by filing late Comuni-Centre had acquired an unfair opportunity to review the timely-filed findings and conclusions of the other applicants before proffering its own. The Commission, however, accepted the declarations of Comuni-Centre's attorneys that they had not availed themselves of this opportunity.[13] Nevertheless, the Commission considered this error to be harmless in that it did not significantly undercut the conclusion that acceptance of Comuni-Centre's tardy presentation would have had a disruptive effect on the proceeding.[14]
 
 
 7
 A subsequent petition for reconsideration was denied by the Commission on the ground that it did not rely upon any new fact or changed circumstance as required by the Commission's rules.[15] Comuni-Centre then appealed to this court.[16]
 
 II
 
 8
 The Communications Act directs review of Commission order and decisions in the manner prescribed by Section 706 of the Administrative Procedure Act (APA).[17] Our role, therefore, is to determine whether the agency's action in this case was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."[18] Comuni-Centre argues that it showed good cause for the acceptance of its belated filing and that dismissal of its application was an inappropriate exercise of discretion.
 
 
 9
 The Commission has adopted rules dealing specifically with presentations of proposed findings and conclusions by parties to a proceeding. The presiding officer has authority to determine whether such proposals will be required and when their filing will become due.[19] The rules provide explicitly that absent a showing of good cause for failure to meet a filing deadline, an untimely submission of a proposal may be treated as a waiver of the right to further participation in the proceeding,[20] and as ground for dismissal.[21]
 
 
 10
 In reviewing the dismissal of an applicant from a comparative proceeding, we think it clear that among the factors appropriate for consideration are the applicant's proffered justification for the failure to comply with the presiding officer's order, the prejudice suffered by other parties, the burden placed on the administrative system, and the need to punish abuse of the system and to deter future misconduct.[22] We bear these criteria in mind as we proceed to examine the grounds assigned by the agency for dismissing Comuni-Centre's application. We note at the outset that Comuni-Centre's filing, which was twelve days late, exceeded by five days the deadline which it and others proposed to the Commission. Moreover, even after it had become apparent that Comuni-Centre would not file on time, no further request for an extension was made, nor was the presiding officer alerted to the fact that the filing would be late.
 
 
 11
 Comuni-Centre argues that it was not afforded a reasonable opportunity to prepare its findings and conclusions in light of the voluminous record in this case and the 55-day period between the conclusion of the hearing and the final deadline.[23] It complains of competing work priorities and the fact that its representative is a two-lawyer firm. The Review Board found these justifications insufficient, particularly in the absence of any explanation why additional staff was not enlisted or priorities rearranged.[24] Furthermore, all other parties to the proceeding--some of which were also served by small law firms and many of which, it is fair to assume, labored under competing professional obligations--submitted their proposals within the time allotted. We note also that at the culmination of the initial phase of the hearing on June 25, 1985, when ninety percent of the proceedings had been concluded, the ALJ warned the parties to begin work on their findings and conclusions immediately instead of waiting until the hearing ended in July.[25] In spite of that warning, Comuni-Centre did not commence preparation until August 21, only two weeks before the original due date.
 
 
 12
 In addition, the Review Board concluded,[26] ] as had the ALJ,[27] that Comuni-Centre's tardiness disrupted other applicants' preparation of their reply findings. Comuni-Centre attempts to dispute this point by taking exception to an opponent's assertion that none of the other parties' reply findings responded to the proposals tendered late by Comuni-Centre. Although it appears that several parties did refer, at least cursorily, to Comuni-Centre's overdue submission in their replies, it is conceded that at least four parties did not. Two applicants did not mention Comuni-Centre's findings in their replies at all, and two more chose not to reply to Comuni-Centre because its application was subject to dismissal. Furthermore, even those that did respond could well have been prejudiced by the abbreviated time period for analysis and preparation that was caused by Comuni-Centre's tardiness. Upon examination, therefore, it becomes clear that Comuni-Centre is, in effect, disputing the extent of the disruption, not the fact that some disruption occurred.
 
 
 13
 Because of possible prejudice to other applicants, the Review Board stated that were it to accept the late submission, it would "feel obliged to set a special reply date to overcome this disruption, which would, in turn, create further disruption."[28] This interference with normal processing brings to light a significant difference between a comparative proceeding in the administrative realm, like the one involved here, and a bipolar civil action in a district court. Unlike the latter, which is concerned with adjudication of the private rights of litigants, a comparative licensing case has the interest of the public as its focus. That interest is furthered by expeditious selection of a qualified applicant, who will serve the public by operating the broadcast facility involved. This concern for the public interest therefore informs our consideration of the disruption visited upon the agency by an applicant's delay.[29]
 
 
 14
 The Review Board stressed that Comuni-Centre's dismissal was the consequence of a pattern of casual and dilatory conduct, not the result of "inconsequential, trivial or otherwise excusable single lapse."[30] Similarly, the ALJ had stated that he had been "overly indulgent with Comuni-Centre and [had] bent over backwards to accommodate Comuni-Centre's trial tactics," which he characterized as dilatory.[31] Thus, at both levels, the dismissal was bottomed, not on any single incident, but rather on a pattern of procrastination; and in that respect the treatment concentrated on a factor deemed almost indispensable to parallel dismissals in the judicial context.[32]
 
 
 15
 As just one example of Comuni-Centre's dilatory conduct, the ALJ cited its handling of an air hazard clearance awarded by the Federal Aviation Administration. The clearance was issued on September 9, but Comuni-Centre did not present it to the Commission until September 23, and even then without explanation for the delay. Moreover, the form in which it was submitted--through a request for official notice--did not conform to the three-step procedure required by the ALJ: petitioning to reopen the record, acceptance of the clearance into evidence, and reclosing of the record. The ALJ commented:
 
 
 16
 Long after this record was closed (July 18, 1985), reopened and reclosed, and after the other applicants had filed their proposed findings on the air hazard issue (September 11, 1985), Comuni-Centre proffers an air hazard clearance. And even then it failed to properly proffer that clearance. No adjudicatory proceedings, especially one this large, can be run under such circumstances.[33]
 
 
 17
 To further bolster the conclusion that Comuni-Centre had been lax throughout the proceeding, the ALJ cited numerous occasions upon which its lateness had necessitated acceptance of untimely notices of depositions, motions to produce, petitions to enlarge issues, oppositions to the petitions of other parties, and replies to oppositions.[34] Though Comuni-Centre argues that in several instances the filings were only one day tardy,[35] they nonetheless necessitated consideration and responsive action by the ALJ as well as by the remaining parties.
 
 
 18
 It is clear that Comuni-Centre had ample advance warning that late filing of its proposed findings of fact and conclusions of law might become cause for its dismissal from the proceeding.[36] At the conclusion of the hearing, the following colloquy ensued between the ALJ and Comuni-Centre's attorney:
 
 
 19
 [Counsel]: Well, Your Honor, could I ask you a question. You are directing every applicant to file findings?
 
 
 20
 [Judge]: I am so directing every applicant to file the findings that I have previously described.
 
 
 21
 [Counsel]: With the consequences which follow for failure to file.
 
 
 22
 [Judge]: 1.263(c).[37]
 
 
 23
 The ALJ's last response was a direct reference to the Commission's regulation providing that failure to submit such proposals when ordered to do so, "may be deemed a waiver of the right to participate further in the proceeding."[38] We think it clear that a direction to file is a command to file on time.[39] In spite of this admonition, however, Comuni-Centre missed the deadline without either seeking a further extension or notifying the ALJ that its filing would be late.[40]
 
 
 24
 In addition to this pattern of dilatory conduct, there is more than enough indication that Comuni-Centre's course of tardy activity had interfered with the orderly conduct of the proceeding and that other parties were prejudiced or would have been in the absence of special steps to overcome the disruption. In turn, the ALJ, the Review Board, and the Commission itself saw insufficient justification in Comuni-Centre's attribution of these difficulties to its overextended workload, and we cannot say that they were wrong. Nor, in light of the full circumstances, can we conclude that the agency's dismissal of Comuni-Centre from the comparative proceeding was improper. The order under review is accordingly
 
 
 25
 AFFIRMED.
 
 
 
 *
 Of the United States District Court for the District of Maryland, sitting by designation pursuant to 28 U.S.C. Sec. 294(d)
 
 
 [1]
 At that time, in addition to Comuni-Centre, twelve other applicants remained in the proceeding
 
 
 [2]
 Cuban-American Ltd., F.C.C. 85M-3938 (Oct. 9, 1985) (memorandum opinion & order), Joint Appendix (J.App.) 364 [hereinafter ALJ Order ]
 
 
 [3]
 Id. at 3, J.App. 366
 
 
 [4]
 Id
 
 
 [5]
 Cuban-American Ltd., 102 F.C.C.2d 1238 (Rev.Bd.1985) [hereinafter Review Bd. Order ]
 
 
 [6]
 Id. at 1241 (citing WADECO, Inc. v. FCC, 202 U.S.App.D.C. 122, 133, 628 F.2d 122, 133 (1980) (dissenting opinion) (warning against indiscriminate use of "blunderbuss of disqualification" in other than egregious applicant-misconduct cases))
 
 
 [7]
 102 F.C.C.2d at 1241
 
 
 [8]
 Id. (citing Jackson v. Washington Monthly Co., 186 U.S.App.D.C. 288, 569 F.2d 119 (1977) (reviewing District Court's dismissal of civil action))
 
 
 [9]
 102 F.C.C.2d at 1242. The Board distinguished its decision from another issued on the same day, Horizon Community Broadcasters, Ltd., 102 F.C.C.2d 1267 (Rev.Bd.1985), in which it reversed the dismissal of an application where the proposed findings were tendered only six days late and were attributable to a computer problem. In Horizon, no pattern of intractable conduct was established, and the ALJ had acted without waiting for the applicant's response to the dismissal motion
 
 
 [10]
 Cuban-American Ltd., 1 F.C.C. Rcd. 449 (1986) [hereinafter Commission Order ]
 
 
 [11]
 Review Bd. Order, supra note 5, 102 F.C.C.2d at 1241
 
 
 [12]
 ALJ Order, supra note 2, at 3, J.App. 366
 
 
 [13]
 Commission Order, supra note 10, 1 F.C.C. Rcd. at 449 n. 1
 
 
 [14]
 Id
 
 
 [15]
 Cuban-American Ltd., F.C.C. 87I-062 (order) (June 16, 1987), J.App. 482; see 47 C.F.R. Sec. 1.106(b) (1987) (standards governing disposition of petitions for reconsideration). We agree that these standards were not met by Comuni-Centre's petition for reconsideration
 
 
 [16]
 This appeal was taken pursuant to 47 U.S.C. Sec. 402(b) (1982)
 
 
 [17]
 Id. Sec. 402(g)
 
 
 [18]
 5 U.S.C. Sec. 706(2)(a) (1982)
 
 
 [19]
 47 C.F.R. Sec. 1.263(a) (1987) provides:
 Each party to the proceeding may file proposed findings of fact and conclusions, briefs, or memoranda of law: Provided, however, That the presiding officer may direct any party other than Commission counsel to file proposed findings of fact and conclusions, briefs, or memoranda of law. Such proposed findings of fact, conclusions, briefs, and memoranda of law shall be filed within 20 days after the record is closed, unless additional time is allowed.
 Delving into the legislative history of the APA and the Attorney General's Manual thereon, Comuni-Centre posits that parties have an "opportunity" to submit findings, but may not be "required" to do so as a precondition to receiving a decision on the merits of an application. Brief for Appellant at 22-27. Comuni-Centre also argues that such a requirement cannot lawfully be imposed without advance notice, "specifically, notice before a party proceeds with the expense and effort of proceeding through a hearing." Id. at 26-27 (emphasis in original). We must note the wide latitude a judicial or quasi-judicial officer has to determine the best manner in which to conduct proceedings such as those involved here. See Salzer v. FCC, 250 U.S.App.D.C. 248, 252, 778 F.2d 869, 873 (1985). There is nothing either in the APA or the Communications Act that prohibits a presiding officer from requiring all parties to submit proposed findings of fact and conclusions of law. Indeed, the Communications Act provides that "[t]he Commission may conduct its proceedings in such manner as will best conduce to the proper dispatch of business and to the ends of justice." 47 U.S.C. Sec. 154(j) (1982). Nor do we see how Comuni-Centre can claim lack of notice when the specter of dismissal is plainly evident in the Commission's rule. See note 20 infra. Moreover, it appears that these arguments were not addressed to the agency and therefore are not available for our consideration. See Washington Ass'n for Television & Children v. FCC, 229 U.S.App.D.C. 363, 366-367, 712 F.2d 677, 680-681 (1983).
 
 
 [20]
 "In the absence of a showing of good cause therefor, the failure to file proposed findings of fact, conclusions, briefs, or memoranda of law, when directed to do so, may be deemed a waiver of the right to participate further in the proceeding." 47 C.F.R. Sec. 1.263(c) (1987)
 
 
 [21]
 "Failure to prosecute an application, or failure to respond to official correspondence or request for additional information, will be cause for dismissal.... [S]uch dismissal will be without prejudice where an application has not yet been designated for hearing, but may be made with prejudice after designation for hearing." Id. Sec. 73.3568(b)
 
 
 [22]
 Cf. Shea v. Donohoe Constr. Co., 254 U.S.App.D.C. 175, 178, 795 F.2d 1071, 1074 (1986) (discussing factors influencing propriety of dismissal of civil action when plaintiff is unaware of attorney's neglect)
 
 
 [23]
 The preparation time actually allowed was 35 days longer than the 20-day allotment granted by the Commission's rules. See 47 C.F.R. Sec. 1.263(a) (1987), quoted supra note 19
 
 
 [24]
 Review Bd. Order, supra note 5, 102 F.C.C.2d at 1240
 
 
 [25]
 The ALJ stated: "But here--now hear this, do not believe that you have all kinds of time to prepare a set of findings, because when those--when phase two or even if there is a brief phase three is over, time will have run considerably on you." Transcript of Hearing at 4037-4038, J.App. 144-145
 
 
 [26]
 Review Bd. Order, supra note 5, 102 F.C.C.2d at 1241
 
 
 [27]
 ALJ Order, supra note 2, at 3, J.App. 366
 
 
 [28]
 Review Bd. Order, supra note 5, 102 F.C.C.2d at 1241
 
 
 [29]
 "Congress clearly recognized that sound regulation has procedural as well as substantive elements, and that 'the public interest, convenience, and necessity' comprehends both. Orderliness, expedition, and finality in the adjudicating process are appropriate weights in the scale, as reflecting a public policy which has authentic claims of its own." Valley Telecasting Co. v. FCC, 118 U.S.App.D.C. 410, 413, 336 F.2d 914, 917 (1964)
 
 
 [30]
 Review Bd. Order, supra note 5, 102 F.C.C.2d at 1241
 
 
 [31]
 ALJ Order, supra note 2, at 2 n. 2, J.App. 365
 
 
 [32]
 See Link v. Wabash R.R., 370 U.S. 626, 633-634 & n. 11, 82 S.Ct. 1386, 1390-1391 & n. 11, 8 L.Ed.2d 734, 740 & n. 11 (1962); Jackson v. Washington Monthly Co., supra note 8, 186 U.S.App.D.C. at 290, 569 F.2d at 121
 
 
 [33]
 ALJ Order, supra note 2, at 3, J.App. 366 (citations and footnote omitted)
 
 
 [34]
 Id. at 2 n. 2, J.App. 365
 
 
 [35]
 Reply Brief for Appellant at 2
 
 
 [36]
 We do not mean to imply that awareness of a possible consequence of an untimely filing need be that specific
 
 
 [37]
 ALJ Order, supra note 2, at 2, J.App. 365
 
 
 [38]
 47 C.F.R. Sec. 1.263(c) (1987), quoted supra note 20
 
 
 [39]
 As we have heretofore observed, the Commission's rules also provide for dismissal as a consequence of an applicant's failure to prosecute or to respond to a request for information. Id. Sec. 73.3568(b), quoted supra note 21
 
 
 [40]
 The Review Board acknowledged that in some cases sanctions less severe than dismissal might be appropriate, particularly when dismissal would penalize clients unaware of the laxity of their attorneys. Cf. Shea v. Donohoe Const. Co., supra note 22, 254 U.S.App.D.C. at 182, 795 F.2d at 1078. The Review Board stated, however, "we do not believe that Comuni-Centre may properly escape responsibility for its counsel's dilatoriness, since the filing deadline and prior litigation history were known (or should have been known) by the applicant's principals as well as its counsel." Rev. Bd. Order, supra note 5, 102 F.C.C.2d at 1242 n. 4