72 F.3d 919
 315 U.S.App.D.C. 280
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
BOARD OF DIRECTORS OF the CHESTNUT GROVE CONDOMINIUM UNIT
OWNERS' ASSOCIATION, Appellant,
v.
RESOLUTION TRUST CORPORATION, Appellee.
 No. 94-5383.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 12, 1995.
 
 Before: BUCKLEY, GINSBURG, and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was heard on the record from the United States District Court for the District of Columbia and on the briefs and arguments by counsel. The court has accorded the arguments full consideration and has determined the issues presented occasion no need for a published opinion. See D.C.Cir.Rule 36(b). For the reasons set out in the accompanying memorandum, it is
 
 
 2
 ORDERED that the judgments from which this appeal has been taken be reversed.
 
 
 3
 The clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 41(a)(1).
 
 ATTACHMENT
 MEMORANDUM
 
 4
 The plaintiff appeals the district court's dismissal with prejudice of its suit to recover on a state court breach of warranty judgment. The district court dismissed the claim with prejudice because the appellant's counsel ignored the court's previous dismissal without prejudice, which order concluded that the claim must first be pursued in a related bankruptcy proceeding. Although we sympathize with the district court's exasperation, we believe that dismissal with prejudice is too drastic a sanction under the circumstances. We therefore reverse.
 
 I. Procedural History
 
 5
 In October 1991 the Chestnut Grove Condominium Unit Owners' Association Board of Directors (Board) won a $3,914,979 Virginia state court judgment against Chestnut Grove Associates (CGA) for violation of express and implied warranties. Board of Directors of the Chestnut Grove Condominium Unit Owners' Association v. Chestnut Grove Associates (Fairfax County Cir.Ct.Law No. 78778). CGA had no assets and its general partner, T.B. Capital, had filed for bankruptcy just three days before the state court judgment. T.B. Capital's parent, Trustbank Savings, is now under receivership with the Resolution Trust Corporation (RTC).
 
 
 6
 The Board filed suit against the RTC in the district court. The Board argued that the RTC was liable for the judgment against CGA because Trustbank Savings was TB Capital's "alter ego." While the district court considered this claim, on April 20, 1993 the bankruptcy court distributed all of T.B. Capital's assets, $20,757.99 in cash, to T.B. Capital. The bankruptcy court decided that the state court judgment against CGA did not enable it to distribute T.B. Capital's cash to the Board because the Board "has not filed and refuses to file a proof of claim in this case." In Re: T.B. Capital, Inc., No. 91-14255-T (Bankr.E.D.Va. Mar. 22, 1993).
 
 
 7
 The district court dismissed the Board's claim on November 18, 1993. Board of Directors of the Chestnut Grove Condominium Unit Owners' Association v. Resolution Trust Corporation, 161 B.R. 860 (D.D.C.1993) (Chestnut I ). The district court stated that "[i]n order for plaintiff to maintain this cause of action, there must be a judicial determination that the trustee has abandoned the alter ego claim." Id. at 863. The court clarified that the Board "does not acquire the [alter ego] cause of action by default merely because the trustee has not exercised the right of action." Id. At the Board's request, the district court subsequently amended its order to state that the dismissal was "without prejudice to [the Board's] ability to pursue the action in the United States Bankruptcy Court." Board of Directors of the Chestnut Grove Condominium Unit Owners' Association v. Resolution Trust Corporation, No. 94-1016 (D.D.C. Dec. 3, 1993).
 
 
 8
 Despite the bankruptcy court's April 1993 request for a filing and the district court's November 1993 order of dismissal without prejudice to allow the Board to obtain a "judicial determination" of the trustee's abandonment of the claim, the Board never filed a proof of claim with the bankruptcy court. On December 16, 1993 the bankruptcy proceeding closed.[1] Still lacking a judicial determination of abandonment, the Board nevertheless again filed suit in district court. The Board argued that the closing of the bankruptcy proceeding entitled it to bring the alter ego claim. Repeating that the Board could not bring the alter ego claim until the trustee abandoned it, the district court again dismissed the Board's claim, this time with prejudice, Board of Directors of the Chestnut Grove Condominium Unit Owners' Association v. Resolution Trust Corporation, No. 94-1016 (D.D.C. Oct. 14, 1994) (Chestnut II ), and refused to amend the order to a dismissal without prejudice. Board of Directors of the Chestnut Grove Condominium Unit Owners' Association v. Resolution Trust Corporation, No. 94-1016 (D.D.C. Nov. 29, 1994).
 
 II. Discussion
 
 9
 The Board appeals the two Chestnut II orders, the first dismissing its claim with prejudice and the second refusing to amend the dismissal to one without prejudice. The RTC argues dismissal with prejudice was proper because the district court decided the merits of the Board's claim. Alternatively, the RTC argues that the dismissal with prejudice was appropriate as a sanction for the Board's failure to file a proof of claim in the bankruptcy proceeding. We find neither reason persuasive.
 
 
 10
 The district court did not decide the merits of the Board's alter ego claim. As we earlier noted, the district court dismissed the complaint because the bankruptcy trustee had not "abandoned" the alter ego claim. This rationale is not an assessment of the merits of the Board's claim. See Chestnut I, 161 B.R. at 863 ("We must decline ... plaintiff's invitation ... to consider the merits of the alter ego claim."). Rather, as the district court made clear, only after the Board obtained a "judicial determination of abandonment" would the district court consider the merits of the claim.[2]
 
 
 11
 The district court decided to dismiss the Board's claim as a sanction for failing to file a proof of claim in the bankruptcy proceeding. The court stated that the "procedural history of this case supports a dismissal with prejudice." (JA 50). The court referred to "willful disobedience of a court order" and a "persistent failure to prosecute" the claim. Id. The Board argues that the district court abused its discretion in dismissing with prejudice.
 
 
 12
 Dismissal with prejudice is "a drastic step." See Jackson v. Washington Monthly Co., 569 F.2d 119, 123 (D.C.Cir.1977). In this circuit, there are "three basic justifications for dismissing an action because of counsel's misconduct." Ripalda v. American Operations Corp., 977 F.2d 1464, 1466 (D.C.Cir.1992). First, the misconduct might have so harmed the opposing party that it is fairest to end the case. Shea v. Donohoe Const. Co., Inc., 795 F.2d 1071, 1073 (D.C.Cir.1986). Second, dismissal might be necessary to compensate for the "severe burden" the misconduct has placed on the judicial system. Id. The third and "most common rationale" for dismissal is the "need to sanction conduct that is disrespectful to the court." Id. at 1077. The Court has insisted, however, that dismissal under the third rationale is appropriate only if the client is aware of its counsel's misconduct. Id. at 1078 ("[w]e look disfavorably upon dismissals as sanctions for attorney misconduct or delay unless the client himself has been made aware of the problem ") (emphasis in original).
 
 
 13
 As there is no allegation that the Board's actions have harmed the RTC or unduly burdened the judicial system, the district court's dismissal must have been to sanction the Board for conduct that was disrespectful towards the court. In Chestnut I, the court provided the Board's counsel "a road map," (JA 49), detailing why the Board needed to file a proof of claim in T.B. Capital's bankruptcy proceeding. The district court was understandably exasperated that, despite this clear guidance, the Board failed to file a proof of claim in the bankruptcy proceeding. The Board's failure to file hindered T.B. Capital's bankruptcy proceedings and caused a pointless second filing of the Board's alter ego claim in the district court.
 
 
 14
 Nevertheless, we cannot uphold the court's decision to dismiss the Board's claim with prejudice. The RTC does not contend that the Board knew that its lawyer was refusing to file a claim with the bankruptcy court. See Shea, 795 F.2d at 1078 ("Public confidence in the legal system is not enhanced when one component punishes blameless litigants for the misdoings of another component of the system.") (quoting Jackson v. Washington Monthly Co., 569 F.2d 119, 123 (D.C.Cir.1977)). Nor did the court ever attempt to use a less drastic sanction, such as assessment of costs, to drive home to the Board's counsel the need to file its claim in bankruptcy court before proceeding in district court. See Jackson, 569 F.2d 119, 123 n. 24 ("The alternatives include an assessment to the delinquent lawyer of costs and counsel fees generated by the delinquency....") Perhaps most important, the district court's sanction was not based on the Board's counsel's refusal to obey a court order, notwithstanding the court's contrary characterization. Accordingly, because "neither the defendant nor the judicial system has been harmed and there has been no suggestion that [the Board] was personally responsible for [its] attorney's" conduct, see Ripalda, 977 F.2d at 1467, we reverse the district court's dismissal with prejudice.
 
 
 
 [1]
 On June 12, 1995 the proceeding was reopened at the Board's request. (Pet.Br. at Add. 1)
 
 
 [2]
 Although confusing, the district court's citation to Rule 12(b)(6) of the Federal Rules of Civil Procedure in its order did not ipso facto convert the dismissal into a dismissal on the merits, especially in light of the accompanying memorandum opinion which manifests that the dismissal was based on the Board's lack of standing. (JA 47) ("Because we conclude that plaintiff lacks standing, we do not consider the additional grounds for dismissal....")