**Bessie DOUGLAS, Plaintiff,**

v.

**Jack KEMP, Secretary, Department of Housing and Urban Development, Defendant.**

**Civ. A. No. 85-1283 SSH.**

United States District Court, District of Columbia.

Oct. 3, 1989.

See also, 707 F.Supp. 567.

David H. Shapiro, Washington, D.C., for plaintiff.

Diane Sullivan, Asst. U.S. Atty., Washington, D.C., for defendant.

MEMORANDUM OPINION

STANLEY S. HARRIS, District Judge.

This matter is before the Court on Plaintiff's Motion for Relief from the [September 7, 1988] Judgment of the Court. Upon consideration of plaintiff's motion, defendant's opposition, plaintiff's reply, and the entire record, plaintiff's motion is denied.

In April 1985, plaintiff filed a *pro se* complaint claiming that defendant discriminated against her on the basis of age (60), race (white), and sex (female). Because the complaint was not properly served on defendant, the case was dismissed without prejudice. Shortly thereafter, plaintiff retained counsel, Mr. James E. Mercer. Mercer properly filed the complaint, and re-

quested that the Court reconsider its Order. The Court granted plaintiff's motion. A normal discovery period followed. Mercer then requested permission to file an amended complaint, which the Court denied. The Court has carefully reviewed the record and finds no reason to believe that Mercer did not provide good, if not outstanding, counsel during the discovery period.

On June 24, 1986, defendant moved for summary judgment. Plaintiff's counsel requested two extensions of time so that he could oppose defendant's motion.[1] He was not idle during that time. He filed a motion to amend the complaint for the second time, participated in a deposition of plaintiff, and moved for sanctions. On July 28, 1986, plaintiff's counsel filed a five-page memorandum in opposition to defendant's motion. This opposition later was amended. Defendant filed a reply brief on August 5, 1986. Unfortunately, sometime during that period, plaintiff's counsel, Mercer, stopped taking his lithium prescription. Apparently, Mercer is a manic depressive who led (and now leads) a normal life when taking his prescribed lithium.[2] Mercer's mental health began to decline after he stopped taking his lithium. As a result he stopped eating and sleeping and began to have auditory and visual hallucinations. On October 21, 1986, he was hospitalized at St. Elizabeths. Plaintiff's Motion, Exhibit 8. In late October it was estimated that Mercer was ill for three to four months. *See* Plaintiff's Motion, Exhibit 7. Mercer was suspended from the practice of law on October 31, 1986.

The Court became aware of Mercer's illness at a relatively earlier stage, by virtue of the fact that Mercer's then-law partner consulted the undersigned with respect to certain aspects of the problem on a number of occasions. After Mercer was hospitalized, the Court did not hurry to rule on defendant's motion for summary judgment. For almost a year the Court's chambers were contacted by a series of attorneys who indicated they expected to take on plaintiff's case.[3] Finally, on April 2, 1987, the Court received a praecipe notifying the Clerk of the Court of the appearance of John L. McGann as counsel of record. The Court then waited an additional year, thinking that plaintiff's new counsel might wish to amend the record or act in some affirmative manner. *See* earlier Memorandum Opinion. Finally, it became apparent that McGann did not intend to alter or supplement Mercer's response to the motion, and thus the Court ruled. Given the unusual circumstances, the Court gave careful attention to the motion, the opposition, and the entire record. In a 26–page Memorandum Opinion, the Court granted the defendant's motion for summary judgment and dismissed the case.

Shortly after this Court's Memorandum Opinion, present counsel filed a praecipe of appearance and filed a timely appeal on plaintiff's behalf. In the course of the appeal, the present motion was filed.

Plaintiff makes a Fed.R.Civ.P. 60(b)(6) request that the Court grant her relief from the September 7, 1988, ruling. Defendant opposes. Plaintiff alleges that Mercer's illness prevented him from adequately representing her, not only in opposing the motion for summary judgment, but also in the entire discovery period. Plaintiff further claims that her diligence in trying to get counsel and McGann's reassurance that he was properly prosecuting her case should relieve her of any responsibility for McGann's decision not to seek to alter or augment the record.

In viewing all the facts, the Court cannot justify Rule 60(b)(6) relief. Rule 60(b)(6) provides that a court may alter a final order "upon such terms as are just," for any "reason justifying relief from the oper-

---

1. It should be noted that defendant also requested an extension of time in which to file a motion for summary judgment.

2. The record shows that Mercer's decline was a direct result of his discontinuing his lithium. *See* Plaintiff's Motion, Exhibit 5.

3. The fact that a number of attorneys indicated that they would take the case, but did not after they learned the facts, indicates that they concluded that the case had little or no merit.

ation of the judgment." "[R]ule 60(b) was intended to preserve 'the delicate balance between the sanctity of final judgments ... and the incessant command of the court's conscience that justice be done in light of *all* the facts.' [Citations omitted, emphasis in the original.] ... But as the Supreme Court has said, 'there must be an end to litigation someday, and free, calculated deliberate choices are not to be relieved from.' " *Good Luck Nursing Home, Inc. v. Harris,* 636 F.2d 572, 577 (D.C.Cir.1980) (quoting *Ackermann v. United States,* 340 U.S. 193, 198, 71 S.Ct. 209, 211, 95 L.Ed. 207 (1950)). The Supreme Court has limited relief to "extraordinary" situations. *Ackermann v. United States,* 340 U.S. 193, 202, 71 S.Ct. 209, 213, 95 L.Ed. 207 (1950); *Twelve John Does v. District of Columbia,* 841 F.2d 1133, 1141 (D.C.Cir.1988). While this Circuit has allowed courts, in their discretion, to grant Rule 60(b) relief if an innocent and diligent party is harmed by the dereliction of her attorney and if there is no prejudice to the other party, it "has cautioned that it 'should be only sparingly used.' " *Twelve John Does v. District of Columbia,* 841 F.2d at 1141, quoting *Good Luck Nursing Home, Inc. v. Harris,* 636 F.2d at 577; *see also Jackson v. Washington Monthly Co.,* 569 F.2d 119, 122 (D.C.Cir.1977). This Court does not find that such relief is justifiable for several reasons.

First, a close review of the record and the circumstances leading up to the defendant's motion for summary judgment does not show that Mercer was incapacitated in any way during the pre-motion period.[4] It appears that Mercer adequately pursued discovery and represented the plaintiff during the discovery and pre-motion period. Therefore, the Court does not find a sufficient basis for the plaintiff's contention that "[h]ad Mr. Mercer not been incapacitated from his work, he would have ob-

tained in discovery that information ... [necessary to preclude] summary judgment." Plaintiff's Motion at 16.

Second, at the time that the Court issued its September 1988 Memorandum Opinion, the Court reviewed all the evidence, including evidence provided by the government, which plaintiff claims provided the necessary proof of disparate treatment. Plaintiff's Motion at 16. This case is distinguishable from the cases in which Rule 60(b) has been used as a corrective remedy so that a case may be tried on its merits. *See, e.g., Gregory Jordan v. United States,* 694 F.2d 833 (D.C.Cir.1982); *Butler v. Pearson,* 636 F.2d 526 (D.C.Cir.1980); *Jackson v. Washington Monthly Co.,* 569 F.2d 119.[5] The Court did not grant defendant's motion as a matter of course. Instead, the Court found it necessary to write 26 pages putting forth its reasons for its decision. After reviewing all the evidence, the Court found that there was no genuine issue of material fact which could support plaintiff's claim. Thus not only does the Court find that Mercer adequately represented the plaintiff during the discovery period, the Court finds no merit in plaintiff's claim that had the whole record been examined the plaintiff would have prevailed.

This leads the Court to its third reason for denying relief. Plaintiff fails to demonstrate a meritorious defense to defendant's motion. "Motions for relief under Rule 60(b) are not to be granted unless the movant can demonstrate a meritorious claim or defense." *Lepkowski v. United States Department of Treasury,* 804 F.2d 1310, 1314 (D.C.Cir.1986). Without dealing again with the merits, the Court notes that it was often the plaintiff's own statements which undermined her case and not Mercer's failure to provide the Court with a legally

---

**4.** The Court acknowledges the Mercer's unfortunate illness is indeed unusual. However, it is the effect of Mercer's illness on plaintiff's case that the Court must focus on. Only if it resulted in extraordinary injustice to the plaintiff may the plaintiff be granted relief from the final judgment.

**5.** Plaintiff contends that *United States v. Cirami,* 563 F.2d 26 (2nd Cir.1977), was decided on its merits. However, the facts of that case show that while a motion for summary judgment was granted, it was granted based on the fact that no opposition to the motion was filed. *Id.* at 29.

sufficient opposition to the motion for summary judgment.[6]

Fourth, the Court patiently waited to see if plaintiff's new counsel, Mr. McGann, would seek to supplement or modify the record. That did not occur. While plaintiff cannot be held responsible for Mercer's bout of mental illness, "a point may be reached at which a party, though innocent of any personal fault, may be held bound by the misdoings of his attorney." *Lepkowski v. United States Department of Treasury*, 804 F.2d 1310, 1320 (D.C.Cir. 1986) (Robinson, J. concurring). As the Supreme Court pointed out in *Link v. Wabash Railroad*, a litigant who has voluntarily chosen her counsel cannot avoid the consequences of the acts or omissions or strategic maneuvers of her counsel. *Link v. Wabash Railroad*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390–91, 8 L.Ed.2d 734 (1962). Plaintiff obviously chose McGann from a range of attorneys. She appears to have diligently kept in touch with him, as she had with Mercer. However, it also appears that McGann made a strategic decision not to intervene in the summary judgment process. "Rule 60(b) cannot, therefore, be employed simply to rescue a litigant from strategic choices that later turn out to be improvident." *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d at 577.

Accordingly, in light of all the circumstances and the entire record, plaintiff's motion is denied.

---

**6.** Reviewing her deposition, taken on May 9, 1986, reveals that she made many statements that undermined her case. For example, while claiming that she was receiving a higher level of scrutiny than her peers, she admits that her performance standard used to evaluate her was lowered. She also was unable to give specifics as to how she was discriminated against and how she was denied assistance.