Norman Edward DAVIS, Plaintiff,

v.

SPRINT GATEWAYS, et al., Defendants.

Civ. A. No. 91–2026–O.

United States District Court,
D. Kansas.

Jan. 24, 1992.

Gary L. Long, Kansas City, Kan., for plaintiff.

Julie E. Howard, Marvin R. Motley, US Sprint Communications Co., Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on plaintiff's pro se letter filed December 20, 1991, which the court will treat as: (1) a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b); and (2) a motion for appointment of new counsel.

For the reasons set forth below, plaintiff's motions will be granted.

## Background

On December 3, 1991, this action was dismissed because of plaintiff's failure to respond to the defendants' motion to dismiss and the court's subsequent show cause order. On December 20, 1991, plaintiff filed his pro se letter alleging that his court-appointed attorney had failed to take any action in this matter and had failed to inform plaintiff of the status of the case. Further, the letter alleged that plaintiff's counsel had possibly misled plaintiff about the status of the case. On January 3, 1992, the court issued a show cause order to plaintiff's court-appointed attorney directing him to respond to the allegations contained in plaintiff's letter. Plaintiff's attorney has filed no response to the show cause order.

## Discussion

In *Jackson v. Washington Monthly Co.,* 569 F.2d 119 (D.C.Cir.1978), the Court of Appeals for the District of Columbia discussed at length the granting of relief pursuant to Federal Rule of Civil Procedure 60(b)(6) when a judgment has resulted from the negligence or misconduct of counsel. In particular, the court noted:

> Dismissals for misconduct attributable to lawyers and in no wise to their clients invariably penalize the innocent and may let the guilty off scot-free. That curious treatment strikes us as both anomalous and self-defeating. When the client has not personally misbehaved and his opponent in the litigation has not been harmed, the interests of justice are better served by an exercise of discretion in favor of appropriate action against the lawyer as the medium for vindication of the judicial process and protection of the citizenry from future imposition. Public confidence in the legal system is not enhanced when one component punishes blameless litigants for the misdoings of another component of the system; to laymen unfamiliar with the fundamentals of agency law, that can only convey the erroneous impression that lawyers protect other lawyers at the expense of everyone else.

*Jackson,* 569 F.2d at 123–24; *see also Smith v. United States,* 834 F.2d 166, 171 (10th Cir.1987); *Hollis v. United States,* 744 F.2d 1430, 1433 (10th Cir.1984).

Applying this rationale to the case at bar, the court finds that justice requires the granting of relief pursuant to Federal Rule of Civil Procedure 60(b)(6). The conduct of plaintiff's counsel in this case, as set forth in plaintiff's letter and as demonstrated by a review of the court records, borders on gross negligence. Despite counsel's neglect, there has been no showing that the plaintiff himself was negligent or acquiesced in the misconduct of his counsel. Accordingly, the court finds that dismissal of this action, as a sanction for the failure of plaintiff's counsel to respond to motions and court orders, is unwarranted and unjust. Although reinstatement of this case will require defendants to litigate this action on the merits, the court finds no harm therein. Therefore, plaintiff's motion for relief from judgment is hereby granted. *See* Wright & Miller, Federal Practice & Procedure, § 2864 n. 50.

In light of the negligent conduct of plaintiff's current court-appointed counsel, the court finds it appropriate to appoint plaintiff new counsel. Accordingly, plaintiff's motion for appointment of new counsel will be granted, and Steven Moore, a member of the bar of this court, whose address is 130 N. Cherry Street, Olathe, Kansas, 66061–0550, and whose telephone number is 913–782–2350, is hereby appointed as attorney for the plaintiff.

Plaintiff's new counsel shall have thirty (30) days from the date of this order in which to file a response to defendants' motion to dismiss. Defendants shall have ten (10) days thereafter in which to file a reply.

IT IS THEREFORE ORDERED that plaintiff's motion for relief from judgment (Doc. # 14) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for appointment of new counsel (Doc. # 14) is granted.

IT IS FURTHER ORDERED that plaintiff's new counsel is hereby directed to file a response to defendants' motion to dismiss within thirty (30) days from the date of this order. Defendants shall have ten (10) days thereafter in which to file a reply.

The Clerk of this court is directed to forward copies of this order to the plaintiff, to his current counsel, to the attorney appointed herein to represent him in all further proceedings, and to defense counsel.