**Norman Edward DAVIS, Plaintiff,**

v.

**SPRINT GATEWAYS, et al., Defendants.**

**Civ. A. No. 91–2026–O.**

United States District Court,
D. of Kansas.

April 7, 1992.

Gary L. Long, Kansas City, Kan., for plaintiff.

Julie E. Howard, Marvin R. Motley, US Sprint Communications Co., Kansas City, Mo., for defendants.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, District Judge.

This matter is before the court on defendants' motion to dismiss. For the reasons set forth below, the motion will be denied.

*Background*

On November 1, 1990, plaintiff was issued a Notice of Right to Sue by the Equal Employment Opportunity Commission ("EEOC"). Thereafter, on January 28, 1991, plaintiff filed a pro se complaint to initiate the instant action. On January 31, 1991, Magistrate Judge Rushfelt granted plaintiff's request for appointment of counsel and appointed Gary L. Long, a Kansas attorney, to represent plaintiff in this action.

After initially meeting with Long on February 9, 1991, plaintiff repeatedly attempted, without avail, to contact Long and determine the status of his case and ensure that Long had properly served the defendants. On June 8, 1991, Long agreed to meet with plaintiff and discuss the case. At that time, Long told plaintiff that "the subpoena" was just about complete and that it would be served on June 24, 1991.

Contrary to Long's statements to plaintiff, the record in this case indicates that Long mailed a copy of the summons and complaint to defendants on May 21, 1991, 113 days after the complaint was filed. Defendants received the materials on May 31, 1991, 123 days after the complaint was filed.

In July of 1991, plaintiff again contacted Long's office to determine the status of his case. Long spoke to plaintiff at that time and informed him that the "subpoena" had been served and that plaintiff would probably be going to court. Long did not inform plaintiff that defendants had filed the instant motion to dismiss.

Long's "evasive" actions towards Davis continued thereafter until December of 1991. On December 3, 1991, this case was dismissed because of Long's failure to respond to the defendants' motion to dismiss and the court's November 21, 1991, show cause order. On December 20, 1991, plaintiff filed a pro se letter alleging that Long had failed to take any action in this matter and had failed to inform plaintiff of the status of the case. Further, the letter alleged that Long had possibly misled plaintiff about the status of the case. On January 3, 1992, the court issued a show cause order to Long directing him to respond to the allegations contained in plaintiff's letter. Long filed no response to the show cause order.

On January 24, 1992, 141 F.R.D. 326 the court treated plaintiff's pro se letter as a motion pursuant to Federal Rule of Civil Procedure 60(b)(6) and reinstated the case. Further, the court appointed new counsel for plaintiff and directed plaintiff to file a response to the defendants' motion to dismiss.

*Discussion*

Defendants allege that this action should be dismissed pursuant to Federal Rule of Civil Procedure 4(j) which provides:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice upon the court's own initiative with notice to such party or upon motion.

Having considered the factual allegations set forth by the plaintiff, the court finds that plaintiff has demonstrated good cause why service was not accomplished within 120 days after the filing of the original pro se complaint. Although the court is mindful of the cases cited by defendants holding that mere inadvertence does not constitute "good cause," the court notes that the conduct of Long in this case goes far beyond mere inadvertence. Further, the court notes that dismissal of this action would be unduly harsh in light of the fact that the statute of limitations has expired. Finally, the court notes that defendants were properly served shortly after the expiration of the 120–day period. In light of all of these factors, the court believes that a strict adherence to the procedural requirements would be unjust. Accordingly, the court will allow plaintiff to proceed with his action.

IT IS THEREFORE ORDERED that defendants' motion to dismiss (Doc. # 9) is denied.