Charles A. MEEKER, Appellant,

v.

Carl A. RIZLEY, R. L. Minton, Lee H. Bullard, J. M. Burden, and V. P. McClain, Appellees.

No. 7234.

United States Court of Appeals Tenth Circuit.

Nov. 14, 1963.

---

6. It is not contended that the plaintiff was bound by his former testimony.

Dale B. Dilts, Albuquerque, N. M., for appellant.

Donald Royse and Holland Meacham, Elk City, Okl., for appellees.

Before PHILLIPS, PICKETT and BREITENSTEIN, Circuit Judges.

PICKETT, Circuit Judge.

The appellant, Meeker, a resident of New Mexico, brought this action to recover damages for an alleged violation of his civil rights and for the theft and conversion of oil well casing located in Beckham County, Oklahoma. Four of the eight defendants were officials of Beckham County, one was a practicing attorney in that county, and three were residents of Texas. The complaint was filed on March 9, 1962, and at the same time, plaintiff filed a motion by which he sought to have the case transferred to the Northern District of Texas for trial. The motion set forth that an action seeking the same relief against the same defendants was pending in the United States District Court for the Northern District of Texas. In their briefs, the parties have assumed that all defendants appeared in the Oklahoma case and filed answers, but those answers are not included in the record.

On June 12, 1962, the court notified the parties that on June 22, 1962 there would be a pre-trial conference in the case and a hearing on the motion for removal. On June 18, Meeker, who was appearing pro se, filed a motion in which he requested that the motion for removal or transfer be disposed of before a pre-trial conference was held. In the motion it was alleged that he was unable to employ counsel in Oklahoma to appear for him in the case, and for this reason it was impractical to hold a pre-trial conference. When Meeker failed to appear on June 22, the court stated that the motion for transfer of the action to the Northern District of Texas would be denied, and without an application by the defendants, announced that " *   *   * a default judgment should be entered against Mr. Meeker for failure to show up and be here." The court then proceeded to hear evidence on behalf of the defendants, and on July 3, 1962 made findings of fact and conclusions of law, and entered judgment denying relief to the plaintiff. The judgment also enjoined the plaintiff " *   *   * from further harrassing (sic) the defendants, or either of them, and from taking any further action against them, and the plaintiff, Charles A. Meeker, is further enjoined from filing a suit on the alleged causes of action in any other court."

On July 9, Meeker moved to vacate the judgment, alleging that his failure to attend was the result of mistake as to the necessity of his presence for the disposition of pending motions before a pre-trial conference should be held, and that such failure to appear "was in no way intended or the result of any wilful (sic) or irresponsible conduct on his part." It was also alleged that no notice was given the plaintiff prior to the entry of the judgment, as required by Rule 55

(b) (2), Fed.R.Civ.Proc. This motion was heard August 7, 1962, when Meeker was represented and appeared through counsel. At the conclusion of the arguments on the motion, the court announced that it "would give some consideration" to a motion to reopen the case if another motion was filed by September 1, 1962, setting forth the grounds and depositing therewith the sum of $1200 to pay the expenses of the defendants incurred in attending the pre-trial conference. No new motion was filed, nor was the $1200 deposit made, whereupon the court overruled the motion to vacate the judgment.

■ The record is clear that the district court intended to enter a default judgment against the plaintiff, and to grant permanent, affirmative injunctive relief to the defendants. No contention is made that the three-day notice required by Rule 55(b) (2) Fed.R.Civ.Proc. was given to the plaintiff before entry of the judgment. A default judgment having been entered, Rule 55(c) provides that relief therefrom may be available by motion under Rule 60(b). Moore's Federal Practice, Vol. 6, § 55.10(1). We need not determine in this instance whether the default judgment entered is void or voidable, since the failure to give the required three-day notice constitutes cause for setting it aside. Plaintiff's motion should have been granted. Commercial Cas. Ins. Co. v. White Line T.

& S. Co., 8 Cir., 114 F.2d 946; Anno. 51 A.L.R.2d 837; Moore's Federal Practice, Vol. 6, § 55.10(2).

■ As a general proposition, the trial court has the inherent power to dismiss a plaintiff's action for failure to prosecute or to comply with the rules of federal procedure or any order of the court.[1] Rule 41(b) Fed.R.Civ.Proc.; Link v. Wabash R. Co., 370 U.S. 626,[2] 82 S.Ct. 1386, 8 L.Ed.2d 734, reh. denied 371 U.S. 873, 83 S.Ct. 115, 9 L.Ed.2d 112. The exercise of this power is discretionary, and such discretion will be sustained in the absence of abuse. Sweeney v. Anderson, 10 Cir., 129 F.2d 756; Shotkin v. Westinghouse Electric Mfg. Co., 10 Cir., 169 F.2d 825. In the case at bar, the action had been pending less than four months prior to the date set for pre-trial conference. There is no indication in the record that the plaintiff had been dilatory in prosecuting the case or inclined to deliberately disobey any order of the court for the purpose of delay. Plaintiff's only infraction was his failure to appear at a hearing on pre-trial matters which were the first noticed for disposition in the case. While we cannot excuse the failure to be present when these matters were noticed for hearing, still, if we treat the court's action as a dismissal, such action, under the circumstances of this case, was too drastic and a clear abuse of discretion.[3] The law

---

1. Rule 16 of the Rules of the United States District Court for the Western District of Oklahoma reads in part:

    "Failure to comply with the requirements of this rule will make exhibits and writings inadmissible and any such witnesses incompetent to testify. Should a party or his attorney fail to appear at the pretrial an ex parte hearing may be held and appropriate judgment entered."

2. In Link v. Wabash R. Co., 370 U.S. 626, 629–630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734, the court said: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts. The

power is of ancient origin, having its roots in judgments of *non-suit* and *non prosequitur* entered at common law, e. g., 3 Blackstone, Commentaries (1768), 295–296, and dismissals for want of prosecution of bills in equity, e. g., id., at 451. It has been expressly recognized in Federal Rule of Civil Procedure 41(b) * * *."

3. In Matheny v. Porter, 10 Cir., 158 F.2d 478, 480, this Court said: " * * * The court had power to discipline the defendant for failing to comply with the pretrial conference order. And in the exercise of that power, the court was clothed with reasonable discretion in determining what measure of discipline was appropriate and should be imposed. The court might well have required the defendant to pay all costs incurred in connection with the presence of the wit-

favors the disposition of litigation on its merits. Davis v. Parkhill-Goodloe Co., 5 Cir., 302 F.2d 489; Moore's Federal Practice, Vol. 6, § 55.10(1), p. 1829. Dismissal is a harsh sanction and should be resorted to only in extreme cases. Syracuse Broadcasting Corp. v. Newhouse, 2 Cir., 271 F.2d 910.

Reversed.

nesses in court, might well have taxed against defendant all costs incurred up to that time, or might well have imposed some other reasonable exaction. The withdrawal from defendant of the right to introduce any evidence in his own behalf bearing upon the issues of fact in the case seems drastic."