378 F.2d 101
 Mary L. DAVIS and A. C. Swanson, d/b/a General Management Co., Appellants,
v.
OPERATION AMIGO, INC., a Wyoming Corporation, and Al Robinson, Vern Miller, A. E. Edwards, Chauncy Noble, Eric Raecke, Archie Clay, and Carl Shatto, Appellees.
 No. 8875.
 United States Court of Appeals Tenth Circuit.
 May 19, 1967.
 
 William R. Buge, of Ross & Buge, Cheyenne, Wyo., for appellants.
 Elmer C. Winters, Lander, Wyo., for appellees.
 Before BREITENSTEIN and HILL, United States Circuit Judges, and BROWN, District Judge.
 HILL, Circuit Judge.
 
 
 1
 The appeal is from an order dismissing an action under Rule 41(b), F.R.Civ.P., for want of prosecution.
 
 
 2
 The timetable of the action has some importance. The complaint was filed in the district court on December 10, 1965; on the same day an affidavit for order of attachment and an undertaking of attachment was filed and an order of attachment was issued by the clerk of the court; thereafter service of summons was had upon all defendants and the order of attachment was served as directed by the order; a motion to dismiss the complaint and a motion to dissolve the attachment were filed on December 23, both of these motions were, in part, denied on December 27; on that day two defendants answered and filed counterclaims; on January 13, 1966, the remaining defendants answered; plaintiffs replied to the counterclaims on January 17; on January 26, leave was granted to defendants to file an amended counterclaim and on that date defendants' motion to dismiss was denied and the case was set for trial upon the merits for March 3; on January 31, defendants served a demand for admissions and submitted interrogatories; plaintiffs filed reply to counterclaims on February 3, thus putting the case at issue; on February 7, plaintiffs filed motion for production of documents and order to produce thereupon was entered February 11; on February 17, defendants moved to set aside the order of February 11 and requested hearing on February 25; on February 23, defendants amended that motion and asked hearing be set February 28; on that date the court ordered plaintiffs to answer defendants' requests for admissions, sustained plaintiffs' objections to defendants' January 21 request for admissions, gave defendants 10 days to submit interrogatories and plaintiffs 10 days thereafter to answer them.
 
 
 3
 This last mentioned order, in effect, vacated the previous trial setting for March 3, although no formal order to that effect appears in the record. Nor do we find any formal order resetting the trial, but counsel for appellees tells us that the new trial date of March 29 was announced in open court on February 28 and that the trial judge stated at that time "by reason of the fact that plaintiffs have exercised the extraordinary Writ of Attachment that the case would be tried on March 29, 1966, at Casper, Wyoming, or be dismissed."
 
 
 4
 The record before us shows that on March 28 plaintiffs' counsel filed a motion for continuance of the trial because of the illness of plaintiff Swanson which prevented him from attending court. The motion was supported by a letter purporting to be signed by "James C. Johnson" an M.D. in Tujunga, California, and stating that Swanson had been under the doctor's care since March 19 suffering from virus pneumonitis, was responding slowly to treatment and could not leave the area for the next seven to ten days. In regard to this motion, we should observe that illness of a litigant severe enough to prevent him from appearing in court is always a legitimate ground for asking for a continuance. Even when the judge has doubts about the existence of the claimed illness, the movant should be afforded an opportunity to substantiate his claim by proper proof.
 
 
 5
 The court overruled the motion for continuance, dismissed the action, with prejudice, for want of prosecution, took evidence on defendants' counterclaims and gave them judgment for a part thereof.
 
 
 6
 The able trial judge supported this judgment by findings of fact and conclusions of law. From these it appears his action was based primarily upon the failure of plaintiffs to appear for trial on March 3 and again on March 29 and upon the resort of plaintiffs to the writ of attachment which undoubtedly was causing defendants considerable business inconvenience.
 
 
 7
 Appellants seek to set aside both the order of dismissal and the judgment rendered against them on the counterclaims on the basis that the trial judge abused his discretion in entering such orders. Appellees counter by arguing that appellants deliberately committed a fraud upon the court which justified the dismissal, although the trial judge, in his order, made no finding to this effect.
 
 
 8
 Certain facts stand out in this case. The dismissal was less than four months from the date the case was filed and about two months after it reached issue. From the numerous motions filed, some by the defendants as late as February 23, it is apparent that discovery was completed only shortly before dismissal and certainly was not completed by March 3, the date of the first trial setting. In addition, we must observe that this was certainly an appropriate case for the use of pretrial procedure. None was held and the dismissal came at a time when the case was barely ripe for pretrial, an accepted and preferred preliminary to the disposition of a case of this nature upon its merits.
 
 
 9
 There is no dispute about the applicable law. Both under Rule 41(b), F.R.Civ.P. and the inherent power of a judge, a case may be dismissed with prejudice for want of prosecution.[1] The exercise of this power by the trial judge is discretionary and should be sustained upon appeal in the absence of abuse. A dismissal, with prejudice, is a harsh sanction and should be resorted to only in extreme cases.[2] No precise rule can be laid down as to what circumstances justify a dismissal for failure to prosecute but the procedural history of each case must be examined in order to make such determination.[3] The judge must be ever mindful that the policy of the law favors the hearing of a litigant's claim upon the merits.[4]
 
 
 10
 From a careful consideration of the procedural history of this litigation and from all of the surrounding facts and circumstances, as reflected by the record, we are compelled to conclude that the sanction of dismissal was too harsh and should not have been resorted to. Likewise, the granting of judgment upon the counterclaims was, in effect, the granting of a default judgment and we believe unwarranted. We are not disposed to disturb that part of the court's order dissolving the attachment because by appellants' use of the writ and the extraordinary business hardship thrust upon the defendants by the attachment the court was wholly justified in insisting upon an expeditious judicial determination of the issues surrounding the attachment.
 
 
 11
 That part of the judgment appealed from dismissing appellants' case and granting appellees judgment on their counterclaims is set aside and the case is remanded for further proceedings.
 
 
 
 Notes:
 
 
 [1]
 Link v. Wabash R. R. Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734, rehearing denied, 371 U.S. 873, 83 S.Ct. 115, 9 L. Ed.2d 112; Shotkin v. Westinghouse Electric & Mfg. Co. et al., 10 Cir., 169 F.2d 825; Fitzsimmons v. Gilpin, 9 Cir., 368 F.2d 561; West v. Gilbert, 2 Cir., 361 F.2d 314, cert. denied, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143
 
 
 [2]
 Meeker v. Rizley, 10 Cir., 324 F.2d 269
 
 
 [3]
 Sandee Mfg. Co. v. Rohm and Haas Co., 7 Cir., 298 F.2d 41
 
 
 [4]
 Meeker v. Rizley, supra; Wojton v. Marks, 7 Cir., 344 F.2d 222