536 F.2d 914
 13 Fair Empl.Prac.Cas. 1213,
12 Empl. Prac. Dec. P 11,052
Willie C. STANLEY, Appellant,
v.
CONTINENTAL OIL COMPANY, a Delaware Corporation authorized
to do business in Colorado, Appellee.
 No. 75-1613.
 United States Court of Appeals,
Tenth Circuit.
 Argued and Submitted May 18, 1976.
Decided June 23, 1976.
 
 David C. Vigil, Denver, Colo. (Charles S. Vigil, Denver, Colo., on the brief), for appellant.
 Carl F. Eiberger, Denver, Colo. (Richard M. Lavers, Denver, Colo., on the brief), of Rovira, Demuth & Eiberger, Denver, Colo., for appellee.
 Before BARRETT and DOYLE, Circuit Judges, and TEMPLAR,* District Judge.
 BARRETT, Circuit Judge.
 
 
 1
 Appellant Willie C. Stanley urges reversal, pursuant to 28 U.S.C. § 1291, of the district court's order granting Continental Oil Company's (Continental) motion to dismiss his amended complaint and cause of action.
 
 
 2
 Stanley, a Negro, filed suit on July 19, 1973, seeking damages and other relief from Continental. He alleged that he was the victim of Continental's practice of racial discrimination in employment, violative of the Civil Rights Act, 42 U.S.C. § 2000e, et seq. The complaint alleged a class action for damages. It requested declaratory and injunctive relief in order to redress purported deprivation of rights secured to Stanley and others similarly situated under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e, et seq. The only allegation of discrimination, in a factual and/or conclusory sense, in relation to time, is the allegation of discriminatory employment practice by Continental as set forth in paragraph four, to-wit: that in May of 1971, Stanley applied for employment with Continental with beginning pay of $3.71 per hour "but was refused employment because of unlawful and discriminatory hiring practices of defendant". (R., Vol. IV, p. 1).
 
 
 3
 On September 10, 1973, Continental filed: a motion for determination under Fed.Rules Civ.Proc., Rule 23(c), 28 U.S.C.A., whether Stanley should be allowed to proceed on his class action claims; a motion to dismiss for failure to state claims upon which relief can be granted; a motion to dismiss the class action and declaratory judgment claims; and motions to strike and for a more definite statement. Thereafter on September 25, 1973, Continental filed detailed memorandum briefs with the court in support of the various motions, together with a detailed affidavit, with attachments, executed by John S. Augustine, Personnel Director of Continental. A supplemental memorandum brief was filed by Continental on December 6, 1973. On that same date a hearing was held before the district court. Counsel for Stanley readily conceded that Continental's motions challenging Stanley's right to proceed on the class action claims and in pursuing relief under 42 U.S.C. § 1981 of the Civil Rights Act were well taken. The trial court observed that as a result "that leaves us, I believe, with the problem of the Title VII claim". (R., Vol. I, p. 6). Counsel for Stanley agreed.
 
 
 4
 Thereupon the following discussion occurred between the trial judge and Stanley's counsel, Mr. David Vigil:
 
 
 5
 THE COURT: All right. I will be very frank. I think the Complaint barely states a claim under Title VII. I don't think I can take into account the material set forth in the brief and the accompanying material because there has been no notice that this is going to be heard as a motion for a summary judgment.
 
 
 6
 I don't know how in the world you are going to get around a summary judgment in this case. If the facts that they set forth are uncontroverted, I don't see how you can ever get around a summary judgment. But I'm certainly not going to cut you off from the right to controvert it.
 
 
 7
 If there is a genuine issue of material fact . . .
 
 
 8
 MR. DAVID VIGIL: . . . there has been no discovery . . . because I expected the hearing on the motions would be set sooner. However, I do believe that there is a good individual claim. The claim was processed through the EEOC and there is a finding of discrimination.
 
 
 9
 THE COURT: . . . that hasn't got anything to do with it. I'm thinking more about the affidavit of Mr. Augustine that says the man (Stanley) turned down a job . . . Do you controvert that?
 
 
 10
 MR. DAVID VIGIL: Yes . . . that is most seriously controverted . . .
 
 
 11
 (R., Vol. I, pp. 6-7).
 
 
 12
 The court then recommended that Continental file a motion for summary judgment, incorporating by reference all affidavits and material it had already filed, together with any additional affidavits desired and that Stanley come forward with controverting affidavits so as to test the existence of a genuine issue of material fact requiring trial. This procedure was readily agreed upon by the parties. In addition, it was agreed that Stanley would file an amended complaint because the original complaint intermeshed pleadings relating both to the class action and Stanley's individual action. The court granted Stanley twenty days within which to file the amended complaint.
 
 
 13
 Stanley filed an amended complaint out of time on January 25, 1974. On February 6, 1974, Continental filed motions to dismiss for failure to state claims upon which relief can be granted and for failure to follow the court's orders, together with other motions. On February 15, 1974, Continental also filed detailed memorandum briefs in support of the motions. Even though the amended complaint did not conform to the court's order of December 6, 1973, the court ordered that it be filed. Then, on March 21, 1974, Stanley requested permission to file a second amended complaint in order to correct errors and omissions contained in the amended complaint resulting from the "press of other matters". The court permitted this filing over Continental's vigorous objection at a hearing held April 10, 1974. Continental urged the court to grant its motion for summary judgment at that time. However, the court instead granted Stanley twenty days within which to file controverting affidavits in recognition of the fact that this is a Title VII case. The trial court recognized the rule adopted by this Court in Dzenits v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 494 F.2d 168 (10th Cir. 1974) that when the movant has offered affidavits disproving the existence of material facts it is incumbent on the complaining party to describe specific factual issues. The party opposing a motion for summary judgment supported by affidavits cannot rest on mere allegations of his pleadings or affidavits which do not set forth specific facts showing the existence of genuine issues of material fact for trial. Stevens v. Barnard, 512 F.2d 876 (10th Cir. 1975). At no time or in anywise thereafter did Stanley file such affidavits or memorandum briefs either in support of his cause of action or in reply to Continental's memo-briefs.
 
 
 14
 The record contains the following recitations in the court's order of dismissal dated June 20, 1975:
 
 
 15
 . . . affidavits were not filed within the 20 days, and defendant again asked for summary judgment. A hearing on this request was held on May 24, 1974, and no affidavits were presented. Plaintiff took the stand and testified that an EEOC representative told him the EEOC 'was going to get Conoco', but he testified to little else. Plaintiff and his counsel were ordered to notify the court of the identity of the investigator, and the matter was continued for the purpose of supplying the information, and, hopefully, for the filing of affidavits. To this date plaintiff has filed no affidavits as ordered by the court 14 months ago, and there has been absolutely no communication with the court as to the identity of the investigator or as to plaintiff's inability to identify him. (R., Vol. IV, pp. 164-165).
 
 
 16
 In dismissing, the court also found that Stanley had failed to meet the requirements of Fed.Rules Civ.Proc., Rule 56, 28 U.S.C.A., relative to filing counter affidavits and that he had not complied with the court's orders of April 10, 1974, and May 24, 1974.
 
 
 17
 On appeal, Stanley's sole allegation of error is that the district court erred in dismissing his action because there was an indication of unlawful hiring practices and because he had substantially complied with the court's orders.
 
 I.
 
 18
 Fed.Rules Civ.Proc., Rule 41(b), 28 U.S.C.A. provides that the court may, by order, dismiss an action upon motion of the defendant "for failure of the plaintiff to prosecute or to comply with these rules or any order of court . . . " The rule further provides:
 
 
 19
 If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.
 
 
 20
 Under Rule 41(b), supra, the dismissal entered in this action was with prejudice because the trial court did not otherwise specify. To be sure, such a dismissal is a drastic sanction. It is to be applied only in extreme situations. Davis v. Operation Amigo, Inc., 378 F.2d 101 (10th Cir. 1967); Flaksa v. Little River Marine Construction Co., 389 F.2d 885 (5th Cir. 1968), cert. denied, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). In entering such a dismissal, the district court must comply with Rule 52(a) in specially finding and stating the facts and conclusions of law relied upon. Fed.Rules Civ.Proc., Rule 52(a), 28 U.S.C.A.; 9 Wright & Miller, Federal Procedure and Practice, § 2371 (1971); Barron & Holtzoff (Wright Ed.), Federal Practice and Procedure, 2B, § 916, et seq.
 
 
 21
 Even in the absence of a specific rule, it is established that every court has inherent power, in the exercise of sound discretion, to dismiss a cause for want of prosecution. Link v. Wabash Railroad Co., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); Shotkin v. Westinghouse Electric & Mfg. Co., 169 F.2d 825 (10th Cir. 1948); Sweeney v. Anderson, 129 F.2d 756 (10th Cir. 1942); West v. Gilbert, 361 F.2d 314 (2nd Cir. 1966), cert. denied, 385 U.S. 919, 87 S.Ct. 229, 17 L.Ed.2d 143 (1966); Darlington v. Studebaker-Packard Corporation, 261 F.2d 903 (7th Cir. 1959); United States v. Pacific Fruit & Produce Co., 138 F.2d 367 (9th Cir. 1943). See also, Annot., Dismissal for Failure to Prosecute, 20 A.L.R. Fed. 488-505.
 
 
 22
 Stanley argues that Rule 19, Local Rules of Practice, District of Colorado, controls and that it was mandatory that the court proceed thereunder. The contention is without merit. This rule provides that any judge may at any time issue an order to show cause why a case should not be dismissed for lack of prosecution. Clearly, the very language of the rule renders its use permissive. It was not applicable for the further reason that Continental had invoked Rule 41(b), supra, which placed the motions before the court for dismissal consideration. Further, we have noted that the power to dismiss for failure to prosecute is an inherent power of the court, which is not governed or restricted by any rule or statute. This power was recognized in Link v. Wabash, supra :
 
 
 23
 The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.
 
 
 24
 370 U.S. at 630, 631, 82 S.Ct. at 1389.
 
 
 25
 Even though Link v. Wabash, supra, makes it clear that no notice of any type need be given by the court prior to dismissal, here Stanley had abundant notice of the fact that his complaint and cause of action were subject to dismissal upon the motion filed and properly noticed by Continental.
 
 
 26
 In both Davis v. Operation Amigo, Inc., supra, and Meeker v. Rizley, 324 F.2d 269 (10th Cir. 1963), the infractions of and/or failures to comply with the court orders (both cases involved failure of counsel to make court appearances) were held not to be so dilatory or lacking of justification as to warrant dismissal of the actions for failure to prosecute. Davis involved a dismissal only two months after the case was at issue based upon the trial court's doubt that the plaintiff was unable to appear for trial because of illness. On appeal, this court held that even when " . . . the judge has doubts about the existence of the claimed illness, the movant should be afforded an opportunity to substantiate his claim by proper proof." 378 F.2d at 103. In Meeker, a pro se plaintiff filed a motion for removal after the court had entered a pre-trial order. The motion sought transfer of the case before pre-trial. When the plaintiff failed to appear at the pre-trial, the court entered a dismissal order. Meeker moved to vacate the order on the basis that he did not believe that he was bound to appear at the pre-trial in light of his motion for removal. This court held that under all of the circumstances of the record, dismissal was too drastic.
 
 
 27
 Unlike the facts in Davis, supra, and Meeker, supra, the record in the instant case reflects dilatory and unjustifiable conduct in Stanley's failure to prosecute and to comply with the court's orders. The record reflects, at the very least, a lack of reasonable diligence in proceeding notwithstanding the patient guidance of the trial court and the court's obvious reluctance to foreclose Stanley's "day in court". We can only conclude that for some unknown reason Stanley and the counsel of his choice elected not to accept the compassionate forbearance of the learned trial court.
 
 II.
 
 28
 In view of the fact that the trial court did not rely upon its alleged lack of jurisdiction, i. e., Continental's contention that because the action was not filed within 90 days from and after Stanley received notice from the EEOC that conciliation efforts had failed, we need not reach that issue.
 
 
 29
 WE AFFIRM.
 
 
 
 *
 Of the District of Kansas, sitting by designation