**UNITED STATES of America, Plaintiff,**

v.

**Allen H. SWEENEY, et al., Defendants.**

No. CIV–98–1082–L.

United States District Court,
W.D. Oklahoma.

Aug. 7, 2000.

LaQuita Taylor–Phillips, U.S. Department of Justice, Tax Division, Washington, DC, for plaintiff.

Kieran D. Maye, Jr., Andrews, Davis, Legg, Bixler, Milsten & Price, Mark J. Dubberstein, Dubberstein & Lilly PLLC, Kim D. Ashley, Oklahoma Tax Commission, Oklahoma City, OK, for defendants.

### ORDER

LEONARD, District Judge.

Plaintiff filed this action on August 7, 1998, seeking to reduce to judgment the trust-fund-recovery penalty assessed against defendant Allen H. Sweeney and to foreclose a federal tax lien on a house located at 6225 N.W. 85th Street in Oklahoma City, Oklahoma. In addition to Allen J. Sweeney, the Complaint names as defendants persons and entities who "may claim an interest in the real property on which the United States seeks to foreclose its lien" including Tammy J. Sweeney, Allen Sweeney's wife. On December 18, 1998, a return of service was filed indicating that Allen and Tammy Sweeney had been personally served on December 3, 1998. In an affidavit, the private process server stated that he "served a copy of the Summons and Complaint personally on Tammy J. Sweeney, at 6225 NW 85th Street, Oklahoma City, Oklahoma" and that he served Allen Sweeney "by serving his spouse, Tammy J. Sweeney, a family member over the age of fifteen, at 6335 (sic) N.W. 85th Street, Oklahoma City, Oklahoma, which is his usual place of residence." Affidavit of Private Process Server at ¶¶ 1, 2 (filed Dec. 18, 1998). On December 11, 1998, however, the Clerk of the Court received a letter from Dana N. Sweeney returning the service papers and indicating: "These papers were left on my porch by mistake. My name does not appear on any of these papers. I am therefore returning them to you." Letter from Dana N. Sweeney (filed Dec. 11, 1998). On January 21, 1999, the Clerk of the Court entered default against the Sweeneys as they had not answered or otherwise responded to the Complaint. That same date, the government filed a motion for default judgment against the Sweeneys.

On January 26, 1999, the Sweeneys objected to the motion for default judgment on the ground that the government failed to properly serve them. Thereafter, the Sweeneys moved to vacate the entry of default and to quash the purported service of process for the same reason. On September 30, 1999, the court entered an Order granting the Sweeneys' Motion to Quash Purported Service of Process and Motion to Vacate Entry of Default. The court found that "[b]ased on the plethora of papers filed in this matter, three things are clear: (1) as of October 1997, the Sweeneys had actual notice that this action was going to be filed; (2) to date, plaintiff has not personally served either Allen or Tammy Sweeney; and (3) the Sweeneys have evaded service of process." Order at 2 (W.D.Okla. Sept. 30, 1999). The court therefore exercised its discretion and extended the time to effectuate service by an additional 30 days from the date of the September 30, 1999 Order. One day before that extension expired, plaintiff moved to serve the Sweeneys by publication or in the alternative for additional time in which to serve them. On November 18, 1999, the court denied plaintiff's motion to serve by publication, but granted plaintiff an additional 45 days in which to serve the Sweeneys.

■ On January 3, 2000, plaintiff filed a second motion to serve the Sweeneys by publication. Citing Fed.R.Civ.P. 4(e)(1),[1] plaintiff requested leave to serve the Sweeneys pursuant to 12 O.S. § 2004(C)(3)(a), which provides that "[s]ervice of summons upon a named defendant may be made by publication when it is stated in the petition, verified by the plaintiff or the plaintiff's attorney, or in a separate affidavit by the plaintiff or the plaintiff's attorney filed with the court, that *with due diligence* service cannot be made upon the defendant by any other method." 12 O.S. § 2004(C)(3)(a) (em-

---

**1.** Rule 4 provides that service may be effected on an individual "pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State...." Fed.R.Civ.P. 4(e)(1).

phasis added). The Sweeneys oppose plaintiff's motion on three grounds. First, they argue that service by publication is not permitted when the name and address of a defendant is known. Second, the Sweeneys contend that plaintiff has failed to show good cause for its failure to serve them. Finally, defendants claim that this action should be dismissed because of an alleged ethics violation.

The court concludes that service by publication is not permitted in this instance. The Oklahoma Supreme Court has clearly held that "notice by publication is clearly insufficient with respect to one whose name and address are known or readily ascertainable from sources at hand." *Bomford v. Socony Mobil Oil Co.,* 440 P.2d 713, 718 (Okla.1968). It is undisputed that plaintiff knows the Sweeneys' home address and Allen Sweeney's work address. Thus, service by publication is not permitted. Moreover, the court finds that plaintiff has not established that it exercised due diligence in attempting to serve the Sweeneys. The efforts to serve these defendants appear to be half-hearted at best. The court therefore DENIES United States of America's Motion to Serve Defendants Allen H and Tammy J. Sweeney by Publication (Docket No. 53).

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If a service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(m). The court has already significantly extended plaintiff's time for effecting service and plaintiff has failed to do so. Every court has the inherent power in the exercise of sound discretion to dismiss a cause for want of prosecution. *Stanley v.*

2. The court expresses no opinion on the ethical violation the Sweeneys allege was committed by

*Continental Oil Co.,* 536 F.2d 914, 917 (10th Cir.1976). *See also Link v. Wabash R.R. Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (inherent power vested in courts to manage own affairs so as to achieve orderly and expeditious disposition of cases). The appropriateness of such a decision depends upon the procedural history of the particular case involved. *Petty v. Manpower, Inc.,* 591 F.2d 615, 617 (10th Cir.1979). Dismissal of this case is warranted in light of plaintiff's continuing failure to exercise due diligence to effect service. The court therefore DISMISSES this action with respect to defendants Allen H. Sweeney and Tammy J. Sweeney.[2] As it is undisputed that the statute of limitations has run, this dismissal is with prejudice. Judgment will issue accordingly.