**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 20 2002**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

MATTHEW JAMES GRIFFIN,

Petitioner-Appellant,

v.

TIM LEMASTER, Warden,
New Mexico State Penitentiary;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

Respondents-Appellees.

No. 00-2347
(D.C. No. CIV-97-1560-LH/JHG)
(D. N.M.)

MATTHEW JAMES GRIFFIN,

Petitioner-Appellant,

v.

TIM LEMASTER, Warden,
New Mexico State Penitentiary;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

Respondents-Appellees.

No. 01-2304
(D.C. No. CIV-00-949-JP/RLP)
(D. N.M.)

---

ORDER AND JUDGMENT *

---

*      This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel.  The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **LUCERO** , **PORFILIO** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate records, this panel has determined unanimously that oral argument would not materially assist the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument.

Petitioner, a former Albuquerque police officer, was convicted by a New Mexico jury in 1991 of felony murder, aggravated burglary, five counts of armed robbery, and tampering with evidence. Petitioner's convictions were upheld on direct appeal and in state collateral proceedings. His subsequent attempts to secure federal habeas relief have followed a tortuous path. He currently seeks to appeal the dismissal of two federal habeas petitions he filed pursuant to 28 U.S.C. § 2254.

On December 8, 1997, petitioner filed a timely federal habeas petition alleging nine grounds for relief. On June 12, 1998, after the State filed a motion to dismiss, the district court appointed the Federal Public Defender for New Mexico to represent petitioner and ordered the State to file all state court records and to notify the court and petitioner when the record was filed. Petitioner was given thirty days after the filing of the state court record to respond to the State's motion to dismiss. Shortly thereafter, the Federal Public

Defender moved to withdraw due to a conflict of interest. The district court granted the motion to withdraw and ordered that new counsel be appointed. On July 9, 1998, attorney Allen Kerpan was appointed to represent petitioner. On September 30, the State filed the state court record. [1]

By order entered January 5, 1999, the district court gave petitioner's counsel until February 5 to respond to the outstanding motion to dismiss. On February 4, counsel filed a motion for extension of time seeking an additional twenty days in which to respond to the motion to dismiss. Meanwhile, petitioner, not having been able to contact his counsel for several weeks, and not knowing that his counsel was going to seek an extension of time, filed a pro se response to the motion to dismiss. This prompted petitioner's counsel to write petitioner and chastise him for filing pro se pleadings while being represented by counsel, and prompted the government to move to strike the pro se pleading. The court subsequently granted the motion to strike.

On February 25, counsel filed a response to the motion to dismiss, which he asked be substituted for petitioner's pro se response. On May 3 the magistrate

---

[1] Petitioner contends that the record filed by the State is not complete because it is missing a transcript of the hearing held by the state court in post-conviction proceedings. Petitioner urged his counsel to bring this omission to the attention of the district court, but counsel did not. Petitioner continues to argue that, because he was not present at the hearing, he must be given an opportunity to review the transcript in order to fully address the State's arguments against habeas relief.

judge issued a report recommending that the motion to dismiss be denied, which the district court later adopted. Meanwhile, however, the court set a briefing schedule on the merits of the habeas petition giving petitioner until June 2 to file an opening brief.

On May 25, counsel for petitioner filed a motion for extension of time, seeking an additional six months to file an opening brief. In his motion, counsel said that petitioner wanted to participate in the strategy and drafting of the brief and counsel was trying to negotiate this with him, that petitioner had been transferred out of state and counsel was still trying to locate him, and that counsel needed more time to review the voluminous state court record. By order of June 1, the district court generously granted counsel the requested extension, giving him until December 2 to file his opening brief.

On November 4, however, counsel filed a motion to withdraw. Counsel stated that he had been in the process of preparing the opening brief, but that petitioner wanted to pursue a strategy with which counsel did not agree. Counsel also said that petitioner had not responded to his last two letters. Counsel therefore asked to withdraw on the ground that he and petitioner were unable to agree on a common strategy. Alternatively, counsel asked to withdraw on the ground that the representation would result in an unreasonable financial burden on him if the court were to enforce the statutory cap for compensation under the

Criminal Justice Act. Notably, counsel's motion did not conform to the District of New Mexico's Local Civil Rule 83.8(b), which requires that the attorney serve a copy of the motion to withdraw on his client and that he give notice in the motion that the client has to file and serve any objection within fourteen days or be deemed to have consented to the motion. Counsel did neither.

By order entered November 10, the district court granted counsel's motion to withdraw, and ordered petitioner to proceed pro se. There is no indication in the record, however, that this order was served on petitioner. Nothing further transpired in the case until June 28, 2000, when the district court entered an order sua sponte dismissing the case for failure to prosecute.

On June 30, petitioner filed a second habeas petition that was virtually identical to the first, which the district court docketed as a new case. On July 11, petitioner filed a motion in the first action seeking to vacate the order of dismissal and consolidate the two habeas actions. [2] In his motion, petitioner said that he was not served with a copy of his counsel's motion to withdraw, but that he did learn of the withdrawal by letter from counsel of December 13, 1999. Petitioner said he assumed that when his counsel withdrew, the court would appoint new counsel to represent him, as it had done when the Federal Public Defender withdrew. Petitioner also stated that he was unaware that the court had ordered him to

_____

[2] This motion qualified as a tolling motion under Fed. R. App. P. 4(a)(4).

-5-

proceed pro se, because he never received a copy of the court's November 10 order. Finally, petitioner said his transfer from New Mexico in May 1999 caused him to lose all his legal materials, which he was not able to recover until January 2000. Petitioner noted that as soon as he learned of the court's dismissal of his habeas petition, he took immediate corrective action by refiling it. He therefore asked that the court vacate its order of dismissal and consolidate the two habeas petitions.

The district court denied petitioner's motion to vacate on September 8, 2000, stating only that "the motion is not well taken." R., Vol. I, Doc. 41 (No. 00-2347). Thereafter, petitioner filed further objections with the district court, to which he attached correspondence between himself and his attorney to show his understanding of events. Petitioner objected to the manner in which his counsel was permitted to withdraw without first giving him notice and an opportunity to object. Petitioner also objected to the court's dismissal of his petition without prior notice, especially since he had not been served with a copy of the court's order directing him to proceed pro se and had previously been chastised for filing a pleading pro se while being represented by counsel and had the pleading stricken. Petitioner filed a timely appeal from the court's dismissal of his habeas petition and denial of his motion to vacate, which we docketed as No. 00-2347.

Meanwhile, the district court went forward on petitioner's second habeas petition. The State moved to dismiss this petition, arguing that it was untimely because it was filed beyond the one-year statute of limitations set forth in 28 U.S.C. § 2244(d). Petitioner filed motions seeking the appointment of counsel and access to various legal materials, which the district court did not address. Based on this court's holding in *Petrick v. Martin*, 236 F.3d 624, 629 (10th Cir. 2001), that the limitations period in § 2244(d)(2) is tolled during the pendency of a federal habeas proceeding, the magistrate judge initially concluded that the second petition was timely. After the Supreme Court effectively overruled *Petrick* in *Duncan v. Walker*, 533 U.S. 167, ___, 121 S. Ct. 2120, 2129 (2001), by holding that a federal habeas petition "is not an 'application for State post-conviction or other collateral review'" that will toll the statute of limitations under § 2244(d)(2), the State renewed its motion to dismiss. The magistrate judge agreed that the petition was untimely and recommended that it be dismissed.

Petitioner filed timely objections to the magistrate judge's report, arguing that under the particular circumstances of his case, the court should toll the statute of limitations. Among other things, petitioner noted that if the court did not either treat his second petition as relating back to the filing date of his first petition, or equitably toll the statute of limitations, then the dismissal of his first petition would effectively be a dismissal with prejudice, because he could not

-7-

possibly file another timely petition. The district court adopted the magistrate judge's recommendation and dismissed the petition as untimely without addressing petitioner's equitable tolling argument. Petitioner filed a timely appeal, which we docketed as No. 01-2304.

Because petitioner's two appeals are closely related, we will consider them together in the interests of judicial economy. Before petitioner may proceed in either appeal, however, he must first obtain a certificate of appealability ("COA") from this court by making a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Where, as here, the district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the petitioner is not entitled to a COA unless he can show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

Our review of the underlying merits of petitioner's claims is necessarily limited because petitioner's actions were dismissed before he had an opportunity to develop the factual and legal bases of his claims in the district court, the district court did not rule on the merits of those claims, and the parties have not briefed the merits on appeal. Therefore, "[w]e will only take a quick look at the federal habeas petition[s] to determine whether [petitioner] has facially alleged the denial of a constitutional right." *Gibson v. Klinger*, 232 F.3d 799, 803 (10th Cir. 2000) (quotations and original alterations omitted). After reviewing the habeas petitions, we conclude that petitioner has satisfied the first prong of the COA analysis, because "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," *Slack*, 529 U.S. at 484. Specifically, we conclude that at least one of petitioner's claims, which include that the evidence was insufficient to convict and that the jury instructions erroneously shifted the burden to petitioner to disprove the existence of a material element, debatably states a claim for the denial of a constitutional right.

We turn, then, to the second prong of the COA analysis, which concerns the procedural issues raised by each appeal. In appeal No. 00-2347, petitioner raises four procedural issues: whether the court erred in allowing petitioner's counsel to withdraw where the motion to withdraw and the order permitting withdrawal were

not served on petitioner; whether the court erred in dismissing the action as a sanction for petitioner's failure to prosecute where the order directing petitioner to proceed pro se was not served on petitioner; whether the court erred in denying petitioner's motion to vacate the dismissal and consolidate the two habeas actions; and whether the district court should have tolled the limitations period during the pendency of petitioner's first federal habeas petition. In appeal No. 01-2304, petitioner raises the same four issues, as well as two other similar issues: whether petitioner adequately complied with the statute of limitations in § 2244; and whether the district court erred in not consolidating the two habeas actions.

Based upon our review, we conclude that petitioner has also satisfied the second prong of the COA analysis, because "jurists of reason would find it debatable whether the district court was correct in its procedural ruling[s]," *Slack*, 529 U.S. at 484. Specifically, we conclude that it is debatable whether the court was correct in 1) dismissing the first habeas proceeding for failure to prosecute, 2) denying petitioner's motion to vacate the dismissal and consolidate the two habeas actions, and 3) not considering whether to equitably toll the limitations period for the second petition during the pendency of the first habeas proceeding. Therefore, we grant petitioner a COA on these three procedural issues.

A district court may sua sponte dismiss an action for failure to prosecute without prior notice to the parties under appropriate circumstances. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962). We review the dismissal of an action for failure to prosecute under an abuse of discretion standard. *Joplin v. Southwestern Bell Tel. Co.*, 671 F.2d 1274, 1275 (10th Cir. 1982). "To be sure, such a dismissal is a drastic sanction. It is to be applied only in extreme situations." *Stanley v. Continental Oil Co.*, 536 F.2d 914, 916 (10th Cir. 1976). To determine whether the district court abused its discretion in dismissing petitioner's habeas action under the circumstances presented here, we must examine the procedural history of the case. *Joplin*, 671 F.2d at 1275.

The procedural history discussed above shows that the district court was very accommodating to petitioner and his counsel. The court appointed counsel to represent petitioner when he requested it; the court then appointed new counsel when the first counsel had a conflict of interest; and the court granted new counsel several extensions of time to file required pleadings, including one extension of six months. The court is to be commended for its accommodation of petitioner. Nonetheless, given this history of accommodation, it is not surprising that petitioner expected the court to appoint new counsel to represent him once his counsel withdrew, especially because he had made it clear to his counsel that

-11-

he did not wish to proceed pro se. [3] Further, because nothing in the record before us suggests that petitioner was not being truthful when he stated that he did not receive a copy of the court's order directing him to proceed pro se, we must assume that he was never disabused of the reasonable expectation that new counsel would be appointed to represent him.

When we couple petitioner's expectation that new counsel would be appointed with the fact that the one time petitioner did file a pro se pleading while he was represented by counsel, he was chastised for doing so and his pleading was stricken, we cannot say that petitioner's failure to file a pro se merits brief was either grossly negligent or tantamount to nonfeasance. *See id.* at 1276. Nor is there any evidence in the record of "intentional delay, contumaciousness, or bad faith on the part of [petitioner]." *Id.* Moreover, as soon as petitioner learned that the court had dismissed his action for failure to prosecute, he immediately refiled his habeas petition and sought relief from the judgment, explaining why he had not proceeded with his case pro se.

Under these circumstances, we conclude that the district court abused its discretion in dismissing petitioner's habeas action for failure to prosecute and in

---

[3] That the district court also understood petitioner's desire for continued representation by counsel is evident from its statement in the order allowing counsel to withdraw that petitioner had not waived the appointment of counsel.

not reinstating it when petitioner explained the reasons for his inaction. On remand, the district court should reinstate the first habeas petition.

Petitioner also challenges the district court's dismissal of his second habeas petition as untimely. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposed a one-year limitation on a prisoner's right to apply for habeas relief, which generally runs from the date the prisoner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). For state prisoners like petitioner whose convictions became final before AEDPA's enactment on April 24, 1996, we recognized a one-year grace period within which they were required to file their habeas petitions. *Hoggro v. Boone*, 150 F.3d 1223, 1225-26 (10th Cir. 1998). This one-year period is subject to both statutory and equitable tolling. *See* 28 U.S.C. § 2244(d)(2); *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998).

At the time petitioner filed his first habeas petition, there were approximately seventeen days remaining in the one-year limitations period. His first petition was pending for approximately two and one-half years when it was dismissed without prejudice. Petitioner filed his second petition two days after the first petition was dismissed. Therefore, his second petition was untimely unless the limitations period was tolled during the pendency of the first petition. The district court, relying on the Supreme Court's opinion in *Duncan v. Walker*, ruled that the pendency of the first petition did not toll the limitations period.

-13-

*Duncan*, however, speaks only to statutory tolling under § 2244(d), and does not address equitable tolling.

We have held that equitable tolling is available "only in rare and exceptional circumstances . . . [such as] when a prisoner is actually innocent, when an adversary's conduct–or other uncontrollable circumstances–prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson*, 232 F.3d at 808 (quotation and citations omitted). Petitioner argued that the circumstances here were of a similar exceptional nature, so as to warrant equitable tolling of the limitations period. It does not appear from the district court's order that it considered this argument. Therefore, we will reverse the dismissal of petitioner's second petition and remand to the district court so that it can consider whether equitable tolling is warranted here.

On remand, the district court should consolidate the two habeas proceedings in the interests of judicial economy. Not only are the two habeas petitions virtually identical, but the parties filed additional pleadings in the second action that they did not file in the first action because it was prematurely dismissed. Consolidation would obviate any need for the parties to refile those pleadings in the first action. The district court should then proceed expeditiously to set an appropriate briefing schedule on the merits, bearing in mind that

-14-

petitioner has had quite a lot of time to ponder his arguments. The court should also consider whether to appoint new counsel to represent petitioner, a matter on which we express no opinion. Further, the court should consider whether a transcript of the state post-conviction proceedings is necessary to petitioner's claims and, if so, should determine whether a transcript or a tape recording of those proceedings can reasonably be made available to petitioner.

In addition to his application for COA, petitioner has filed several motions with this court. In particular, petitioner has filed a motion to consolidate his two appeals, a motion for appointment of counsel or access to a law library, a motion for sanctions, and a notice of and objection to change of address, which we have construed as an objection to transfer. We grant petitioner's motion to consolidate the two appeals for procedural purposes only and deny the remainder of petitioner's motions.

We previously denied petitioner's motion for appointment of counsel by separate order. Petitioner's alternative motion for access to a law library complains about the lack of access to legal materials in the New Mexico penitentiary. Petitioner, however, does not allege any prejudice flowing from the alleged denial of access to legal materials in New Mexico. *See Lewis v. Casey*, 518 U.S. 343, 351 (1996) (requiring inmate to "demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to

-15-

pursue a legal claim"). Further, petitioner has been transferred to a prison in Virginia and is no longer in the New Mexico prison system. Therefore, any complaint about the continued denial of legal materials in the New Mexico prison system is moot.

Petitioner's motion for sanctions and his objection to transfer are related. Petitioner objects to respondent warden having transferred him out of New Mexico during the pendency of a habeas appeal without first obtaining court approval, as required by Fed. R. App. P. 23(a), and he seeks sanctions against respondent for doing so. Specifically, petitioner asks that respondent warden be held in contempt, that he be ordered to return petitioner to New Mexico, and that he be enjoined from transferring petitioner out of New Mexico in the future. In his response to petitioner's motion, respondent warden admits that he transferred petitioner out of New Mexico without first seeking court approval and apologizes for this failure, but asks that he not be ordered to transfer petitioner back to New Mexico for security reasons. Based on the reasons given by respondent warden for petitioner's transfer to Virginia and the lack of any prejudice demonstrated by petitioner as a result of his transfer, we conclude that the relief sought by petitioner in his motion for sanctions is not warranted at this time.

In conclusion, petitioner's application for COA in No. 00-2347 is GRANTED, and the judgment of the district court is REVERSED and the matter REMANDED for further proceedings consistent with this order and judgment. Petitioner's application for COA in No. 01-2304 also is GRANTED, and the judgment of the district court is REVERSED and the matter REMANDED for further proceedings consistent with this order and judgment. Petitioner's motion for access to a law library, his objection to transfer, and his motion for sanctions in No. 00-2347 are DENIED. Petitioner's motion to consolidate appeal No. 00-2347 and appeal No. 01-2304 is GRANTED insofar as the appeals are consolidated for procedural purposes only.

Entered for the Court


Stephen H. Anderson
Circuit Judge
