FILED
United States Court of Appeals
Tenth Circuit

November 26, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

EDSON G. GARDNER, Uintag Indian
Descendent; LYNDA M.
KOZLOWICZ,

     Petitioners-Appellants,

v.

HONORABLE TEX ARROWICHIS,
Ute Tribal Chief Judge; UTE INDIAN
TRIBAL BUSINESS COMMITTEE;
UTE TRIBAL COURT,

     Respondents-Appellees.

No. 13-4122
(D.C. No. 2:11-CV-00781-DAK)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **O'BRIEN**, and **GORSUCH**, Circuit Judges.

---

Edson Gardner and Lynda Kozlowicz petitioned for habeas relief against

Ute tribal officials, but the district court had trouble evaluating their claim. In

their pro se petition, Mr. Gardner and Ms. Kozlowicz said they wanted to

---

[*] After examining the briefs and appellate record, this panel has
determined unanimously to grant the parties' request for a decision on the briefs
without oral argument. *See* Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and
judgment is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

challenge their "custody by order of [the] Ute tribe." R. vol. 1, at 66; *cf.* 25 U.S.C. § 1303 ("The privilege of the writ of habeas corpus shall be available to any person . . . to test the legality of his detention by order of an Indian tribe."). Yet the district court couldn't tell whether they were actually in tribal custody. So it ordered them to file a new petition stating the essential facts more clearly, and mailed forms and instructions to assist them. The court also warned them that failure to comply with the order could mean dismissal.

Rather than clarify the basis of their habeas claims, though, Mr. Gardner and Ms. Kozlowicz responded with civil claims of a different sort. No longer alleging they were being detained unlawfully, they now alleged the tribal officials had violated their civil rights by limiting their ability to practice as lay legal advocates before the tribe's courts. The district court dismissed their case because they hadn't complied with its order. It went on to note that if they wished to pursue the new claims, they'd need to bring a new civil suit and either obtain a fee waiver or pay the appropriate filing fee (which is quite a bit higher than the fee for a habeas petition). *See* 28 U.S.C. § 1914(a). After the dismissal they did submit a new habeas petition. But by then the court's deadline had passed. And the petition still didn't comply with all the court's instructions.

Mr. Gardner and Ms. Kozlowicz have appealed, but they haven't persuaded us the district court's dismissal was improper. As we have said, district courts have "the inherent power to dismiss a plaintiff's action for failure . . . to comply

with the rules of federal procedure or any order of the court." *Meeker v. Rizley*, 324 F.2d 269, 271 (10th Cir. 1963). When reviewing such dismissals, we look only at whether the district court abused its discretion. *Id.* Mr. Gardner and Ms. Kozlowicz don't point us to any such abuse. Neither do they dispute the district court's account of the events that gave rise to this appeal.

Instead, Mr. Gardner and Ms. Kozlowicz mainly argue the district court misapplied the sovereign immunity principles found in *Ex parte Young*, 209 U.S. 123 (1908). This argument seems premised on a belief that the district court dismissed their case because it had decided the Ute officials were immune from suit. But that isn't so. The court's dismissal order didn't mention sovereign immunity; it focused entirely on their failure to comply with its earlier order to clarify their entitlement to habeas relief.

Because we can find no fault in the district court's treatment of Mr. Gardner and Ms. Kozlowicz's habeas petition, its order of dismissal is affirmed.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge